_J¡PLOTKIN, Judge.
Plaintiff Tamara Greenhouse appeals trial court judgments granting two motions for summary judgment, the first in favor of defendant Raymond Keyes Associates, and the second in favor of C.F. Kenner Associates Limited Partnership and Cadillac Fairview Shopping Centers (hereinafter referred to collectively as “C.F. Kenner”). We affirm.
*1006 Facts
Ms. Greenhouse allegedly suffered injuries as a result of an automobile accident which occurred on July 6,1995, in the parking lot of the Esplanade Mall in Kenner, Louisiana. Ms. Greenhouse was proceeding forward out of a parking place when her vehicle was struck by a vehicle driven by defendant Richard Bolton. Ms. Greenhouse filed suit against various defendants, including Mr. Bolton; Allstate Insurance Co., Mr. Bolton’s insurer; C.F. Kenner, the owner/operator of the parking lot; and Raymond Keyes Associates, the architect/designer of the parking lot. Both C.F. Kenner and Raymond Keyes filed motions for summary judgment, both of which were granted by the trial court. Ms. Greenhouse appeals. The following issues are raised by the parties:
1. Whether “adequate discovery” had been completed prior to the granting of the summary judgments as required by La. C.C.P. art. 966.
2. Whether the defendants carried their burdens of proving “an absence of factual support for one or more of the elements essential to [the plaintiffs] claim.”
3. Whether Ms. Greenhouse’s suit against Raymond Keyes was perempted by the ten-year period established by LSA-R.S. '9:2772 for suits against design engineers.
^Because we find that both C.F. Kenner and Raymond Keyes are entitled to summary judgment on the merits of the case, we pre-termit discussion of the peremption issue.
Discovery
In support of her arguments on this issue, Ms. Greenhouse quotes the portion of La. C.C.P. art. 966, which allows the bringing of a motion for summary judgment “after adequate discovery or after the case is set for trial.” Ms. Greenhouse claims that the trial court improperly entered summary judgment in this case because “a substantial amount of discovery still needs to be conducted.”
However, the record belies Ms. Greenhouse’s contentions. This case was previously set for trial on August 29,1996 in response to Ms. Greenhouse’s own motion to establish discovery deadlines and to set trial dates. In preparation for that trial date, Ms. Greenhouse, on August 9, 1996, submitted a witness and exhibit list. The trial was apparently continued from that date for reasons which are not evident on the face of the record.[1] However, a jury trial was then set for May 20,1997; again, the trial was apparently continued for reasons not evidenced from the face of the record.
Civil District Court Local Rule 10, relative to assigning cases for trial, provides, in pertinent part, as follows:
No case shall be placed upon any docket for trial, except by order of the court, granted upon motion by a party, suggesting to the court that...all discovery [has been] completed.
bThe fact that this case had been set for trial on two different occasions prior to the hearing on the motion for summary judgment indicates that Ms. Greenhouse’s motion to set trial dates was sufficient to suggest to the court that all discovery had been completed in this case at least by August 9, 1996, when she filed her witness and exhibit list. Apparently, Ms. Greenhouse was ready to go to trial more than a year prior to the entry of summary judgment. Ms. Greenhouse cannot now avoid summary judgment by complaining that discovery has not been completed.
Several other facts in this case undermine Ms. Greenhouse’s contention that discovery had not been completed at the time the summary judgments were entered. First, Ms. Greenhouse failed to indicate what additional discovery needs to be conducted. Second, the record reveals that Ms. Greenhouse failed to take any steps to conduct additional discovery during the two-month period between the filing of the motions for summary judgment and the hearing on those motions. Finally, the record indicates that the discovery issue was not even raised in the trial court prior to the entry of the summary judgments. Under the circumstances, we *1007 find no merit in Ms. Greenhouse’s contention on this issue.

Summary judgment

Under the 1996 and 1997 amendments to Louisiana law, summary judgment is now favored. Courts are instructed by La. C.C.P. art. 966(A)(2) to use summary judgment to “secure the just, speedy, and inexpensive determination” of all actions, except those excluded by La.C.C.P. art. 969. Appellate review of summary judgment is de novo, applying the same standard as the trial court.
The primary issue in this appeal is the application of La. C.C.P. art. 966(C)(2), as amended by the 1997 Louisiana Legislature, to the facts of this case. tiThat provision now states as follows:
The burden of proof remains with the mov-ant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
The above provision establishes the following “shifting” burden of proof in situations where a motion for summary judgment is based on the contention that insufficient evidence exists to prove an essential element of the adverse party’s claim, action, or defense. First, the movant carries his burden of proof by pointing out to the court “ari absence of factual support for one or more elements essential” to the adverse party’s case. Then, the burden shifts to the adverse party to overcome the movant’s proof by producing factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party is unable to satisfy that requirement, the trial court is required to find that no genuine issue of material fact exists, making summary judgment appropriate.

Liability of C.F. Kenner

Ms. Greenhouse has alleged that C.F. Kenner, as owner/operator of the parking lot where the accident occurred, can be held liable for her injuries under either a negligence or a strict liability theory. However, as a result of the 1996 Louisiana Legislature’s adoption of La. C.C. art. 2317.1, which was accompanied by an amendment to La. C.C. art. 2322, fundamental changes to the strict liability concept have occurred. See Chau v. Takee Outee, 97-1166 (La.App. 4 Cir. 2/11/98), 707 So.2d 495, 498. These changes now require plaintiffs who allege negligence under strict liability to prove the following elements: (1) that the defendant knew or should have known of the vice or defect; (2) that the damage could have been prevented by the exercise of reasonable care; and (3) that defendant failed to exercise such reasonable care. Jackson v. Beasley, 30,359 (La.App. 2 Cir. 4/8/98), 712 So.2d 162, 166. The addition of knowledge as an element has effectively eliminated strict liability in most circumstances. See Frank L. Maraist and Thomas C. Galligan, Jr., Louisiana Tort Law § 14-1 (1996).
Thus, Ms. Greenhouse would be required to prove the existence of a defect in order to recover against C.F. Kenner as owner/operator of the parking lot, under either a negligence or strict liability concept. In an attempt to show the “absence of factual support for one or more elements essential” to Ms. Greenhouse’s claim, C.F. Kenner attached to its motion for summary judgment excerpts from the deposition testimony of Ms. Greenhouse’s expert witness, Robert Lipp.[2] Mr. Lipp suggested that the parking lot could have been safer if it included such things as speed bumps, posted speed limit signs, direction arrows on the pavement, and concrete barriers between parking spaces. *1008 However, Mr. Lipps admitted that the omission of those items did not make the parking lot “defective.” He testified that he had only-been asked to determine what might have been done to make the parking lot “better.” Moreover, he admitted the impossibility of making a parking lot “totally safe” in order to prevent accidents completely.
Mr. Lipp also admitted that some of his recommendations could result in additional problems; he mentioned specifically the possibility of pedestrians ^slipping and falling on concrete barriers. Significantly, Mr. Lipp also, admitted that the presence of the four suggested features would not necessarily have prevented the accident at issue in the instant case. Thus, C.F. Kenner carried its burden of proving an absence of factual proof to support an essential element of Ms. Greenhouse’s claim.
In an effort to overcome the evidence presented by C.F. Kenner, Ms. Greenhouse attached to her memorandum in opposition to the motion for summary judgment an affidavit of a Ms. Aquillard. Ms. Aquillard’s lengthy affidavit consisted entirely of a list of parking lots in shopping areas around Jefferson Parish with indications of specific safety features present in each of those parking areas. Ms. Aquillard’s affidavit focused on 19 different features. However, the source of that list of “safety features” is unclear. Ms. Greenhouse claims that they were derived from Mr. Lipp’s deposition testimony, but a close reading of that téstimony reveals that Mr. Lipp never even mentioned many of the features.
Using Ms. Aquillard’s affidavit, Ms. Greenhouse claims that Esplanade Mall parking lot is the least safe of 13 parking areas because it contains only one of the 19 safety features, while the other parking areas contain at least seven of the 19 safety features. We see two problems with Ms. Greenhouse’s contentions. First, even assuming that the Esplanade Mall parking lot has fewer of the safety features than the other parking lots considered, that fact is insufficient to establish the existence of a defect, an “essential element” to Ms. Greenhouse’s claim.
The second problem arises from the fact that Ms. Aquillard’s affidavit is insufficient to support Ms. Greenhouse’s position because nothing in that affidavit establishes Ms. Aquillard’s competency to testify to the matters contained therein. La. C.C.P. art. 967, relative to affidavits used in summary judgment proceedings, ^specifically requires that such affidavits “show affirmatively that the affiant is competent to testify to the matters stated therein.” Ms. Greenhouse’s attorney admitted in oral argument that Ms. Aquillard was one of his office employees. Thus, her affidavit provides insufficient evidence to support Ms. Greenhouse’s position. Therefore, the trial court properly entered summary judgment in favor of C.F. Kenner.

Liability of Raymond Keyes

As the design engineer on the Esplanade Mall parking lot, Robert Keyes may not be held liable so long as he performed his services associated with the parking lot “with the same degree of skill and care exercised by others in the same profession in the same general area.” Nicholson & Loup, Inc. v. Carl E. Woodward, Inc., 596 So.2d 374 (La.App. 4 Cir.), writs denied, 605 So.2d 1098 (La.1992). In order to recover, Ms. Greenhouse must prove that Robert Keyes breached the. above standard of care. Id. Unless lay persons can infer negligence by applying common sense standard, expert testimony is required to establish the applicable standard of care. Id. Failure to submit expert testimony to prove the standard of care is a “fatal omission.” Carter v. Deitz, 556 So.2d 842, 843 (La.App. 4 Cir.1990).
Like C.F. Kenner, Robert Keyes relies on the deposition testimony of Ms. Greenhouse’s expert, Mr. Lipp, to support its motion for summary judgment. Significantly, Mr. Lipp admitted that he is not aware of any standard of care for design of parking lots in the New Orleans metropolitan area. Mr. Lipp stated that the closest thing tó a standard of care is the Manual of Uniform Traffic Control Devices, which technically does not apply to privately-owned parking lots. [¡Significantly, Mr. Lipp admitted that the Esplanade Parking lot is not in violation of any of the standards established by that manual.
*1009 Thus, Mr. Lipp’s testimony is insufficient to show that Robert Keyes deviated from a recognized standard of care in any manner. In answer to two direct questions on this issue, Mr. Lipp testified only that Robert Keyes “could have designed a safer parking lot” by including some of the features listed above. However, Mr. Lipp also admitted that none of his recommendations would necessarily have prevented the accident with caused Ms. Greenhouse’s injuries. Thus, Robert Keyes met its burden of pointing out “an absence of factual support for one or more elements essential” to Ms. Greenhouse’s claim. The burden therefore shifted to Ms. Greenhouse.
Although Ms. Greenhouse filed an opposition to Robert Keyes’ motion for summary judgment, she failed to produce any evidence to indicate her ability to satisfy her burden of proving the liability of Robert Keyes at trial. Even Ms. Aquillard’s affidavit, discussed above, fails to address this issue. In short, none of the evidence presented in opposition to the motion is related to the applicable standard of care to engineers designing parking lots in the New Orleans metropolitan area. In her appellate brief, Ms. Greenhouse notes the fact that Robert Keyes attached pictures of five other local parking lots to its original motion for summary judgment. Those pictures, she claims, actually prove her case. However, the pictures certainly are not relevant to the first issue to be decided— that is, whether Robert Keyes breached the standard of care. Thus, the trial court properly entered summary judgment in favor of Robert Keyes.

^Conclusion

Accordingly, the trial court’s entry of summary judgment in favor of defendants C.F. Kenner and Robert Keyes is affirmed.
AFFIRMED.

. The parties’ briefs indicate that the trial was continued when the trial court granted an exception to venue.

. Although Ms. Greenhouse questions the admissibility of some of the evidence presented by the defendants in support of their motions for summary judgment, she admits that Mr. Lipp’s deposition testimony was properly considered by the trial court.