62 So.3d 189 (2011)
In re Medical Review Panel for The Claim of John Aaron KLUKSDAHL.
No. 2010-CA-1304.
Court of Appeal of Louisiana, Fourth Circuit.
March 2, 2011.
*190 John A. Kluksdahl, New Orleans, LA, In Proper Person, Appellant.
Richard E. McCormack, Stephen G.A. Myers, Kelly G. Juneau, Irwin Frtichie Urquhart & Moore LLC, New Orleans, LA, for Christopher Flynn, Ph.D., Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge TERRY LOVE, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
The plaintiff, John Aaron Kluksdahl, appeals the trial court judgment granting the motion for partial summary judgment in favor of defendant Dr. Christopher Flynn. After de novo review, we affirm the judgment of the trial court.

Relevant Facts and Procedural History
The plaintiff was diagnosed and treated for Attention-Deficit/Hyperactivity Disorder (ADHD) as an undergraduate at the University of Memphis (UM), September 1998 through May 2002. In August 2003, upon admission to the evening division of Loyola School of Law, he requested treatment for his ADHD from the Loyola counseling services. After verification from UM of prior treatment and an initial evaluation, the plaintiff was treated for management of his ADHD by Dr. Robert Barnes, a psychiatrist and Director of Counseling and Career Services, as well as other staff members of Loyola's counseling center, including a psychologist, Dr. Flynn. However, at the conclusion of the 2005 spring semester, the plaintiff was involuntarily withdrawn for inappropriate behavior at the conclusion of the 2005 spring semester.
On December 9, 2008, the plaintiff filed this pro se action, naming Dr. Barnes, Dr. Flynn, and numerous other Loyola employees *191 as defendants. The original petition was amended twenty-nine times but the gist of the plaintiff's complaint appears to be that his dismissal from law school is directly attributable to the treatment and drug prescriptions provided by the school counseling service staff and their breach of his expectation of privacy in the interchange of information with school administration personnel.
In April 2010, Dr. Flynn moved for partial summary judgment, pointing out that the plaintiff would be unable to establish the required elements of his malpractice claims against Dr. Flynn at trial. Specifically, Dr. Flynn asserted that he was entitled to summary judgment as a matter of law because the plaintiff was unable to establish through expert testimony the pertinent standard of care or, concomitantly, a breach of the standard of care. The defendant argued at the motion hearing on May 14, 2010, that expert testimony is unnecessary to establish the standard of care in malpractice claims against a psychologist. On May 20, 2010, the trial court issued a judgment granting Dr. Flynn's motion for partial summary judgment and dismissing the plaintiff's malpractice claims against Dr. Flynn. The plaintiff appeals this judgment.

Applicable Law
On appeal, motions for summary judgment are reviewed de novo, "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638. In Louisiana, summary judgment is "designed to secure the just, speedy, and inexpensive determination of every action" and, therefore, is "favored and shall be construed to accomplish these ends." La. Code Civ. Proc. art. 966(A)(2). The burden of proof is with the movant on summary judgment but, where the movant will not bear the burden of proof at trial, his burden on summary judgment does not require him to negate all essential elements of the adverse party's claim, action, or defense. Rather, to satisfy his burden of proof, the movant need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. La.Code Civ. Proc. art. 966(C)(2); Greenhouse v. C.F. Kenner Associates Ltd. P'ship, 1998-0496, p. 4 (La.App. 4 Cir. 11/10/98), 723 So.2d 1004, 1007. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, the trial court is required to find that no genuine issue of material fact exists, making summary judgment appropriate. La.Code Civ. Proc. art. 966(C)(2); Greenhouse, supra.

Discussion
On appeal, the plaintiff argues that partial summary judgment is inappropriate in this case because the defendant did not attach any exhibits to his motion and the trial judge failed to review the plaintiff's individual malpractice allegations to determine "whether the individual allegations did, or did not, require the testimony of a peer provider to establish a standard of prudent care, breach, and proximate causation." The plaintiff asserts that expert testimony is not statutorily required for malpractice claims against a psychologist and, therefore, the trial judge's refusal "to review any individual, specific malpractice allegations to determine whether the individual allegations did, or did not, require the testimony of a peer provider to establish a standard of prudent care, breach, and proximate causation" was error.
*192 The issue before the court is not whether an expert witness is necessary to establish the appropriate standard of care in a malpractice claim against a psychologist but whether the plaintiff sustained his burden on summary judgment. The plaintiff is correct that there are some very limited circumstances of such obvious negligence that expert testimony is not required to establish a malpractice claim, see Pfiffner v. Correa, 1994-0992 (La.10/17/94), 643 So.2d 1228; Schultz v. Guoth, 2010-343 (La.1/19/2011), 57 So.3d 1002, but he clearly misapprehends the shifting burdens of proof on summary judgment. Once the defendant pointed out to the court that there was an absence of factual support for one or more elements of his malpractice claims, the burden shifted to the plaintiff to come forward with some evidence that he will be able to satisfy his evidentiary burden of proof at trial. The burden was not upon the trial judge to sift through the plaintiff's twenty-nine amended petitions to determine whether any of the malpractice claims raised by the plaintiff against Dr. Flynn constituted Pfiffner claims of such obvious negligence that expert testimony was unnecessary to establish the standard of care. The record, as designated by the plaintiff, contains no pleading filed by the plaintiff in response to the defendant's motion on summary judgment. The record indicates that the plaintiff appeared at the motion hearing but contains no transcript of that hearing or indication that exhibits were submitted at the hearing by the plaintiff in response to the defendant's motion for partial summary judgment. Rather, in his brief on appeal the plaintiff quotes excerpts from "amended petitions # 4 and # 8" which purportedly are specific malpractice allegations against Dr. Flynn that do not require expert testimony, specifically, claims that Dr. Flynn breached patient confidentiality policy. As evidence of Dr. Flynn's purported breach, the plaintiff attaches copies of interdepartmental emails and memorandum as exhibits to his brief on appeal.
On appeal from summary judgment, our review is de novo but limited to what was before the trial judge. In this case, the record does not indicate, nor does the plaintiff claim, that the arguments and exhibits submitted by the plaintiff on appeal were ever before the trial judge. It is axiomatic that this is a court of record and we do not review evidence or issues brought for the first time on appeal. Thus, our de novo review (limited to the record before us) indicates that Dr. Flynn pointed out to the court that there was an absence of factual support for one or more of the essential elements of the plaintiff's claim and the plaintiff failed to sustain his burden of showing that a genuine issue of material fact existed to defeat summary judgment.

Conclusion
Upon de novo review, the plaintiff failed to establish that he will be able to satisfy his evidentiary burden of proof at trial with regard to his malpractice claims against Dr. Flynn and, accordingly, Dr. Flynn is entitled to summary judgment on those claims as a matter of law.
AFFIRMED.
MURRAY, J., concurs and assigns reasons.
MURRAY, J., Concurs and Assigns Reasons.
Mr. Kluksdahl, who is not represented by counsel in this appeal, argues that he did not have to submit expert testimony to defeat the summary judgment because he is alleging not only malpractice, but also breach of contract. Specifically, the plaintiff alleges in his petition that Dr. Flynn's *193 unauthorized disclosure of plaintiff's confidences constituted breach of the implied contract between them. According to plaintiff's argument, he need only prove the occurrence of such a breach, which is actionable per se. However, plaintiff misinterprets the law in this regard.
The trial court granted partial summary judgment dismissing from the plaintiff's petition, as amended, "any and all allegations against Christopher Flynn, Ph.D., arising out of the provision of health care as defined by LSA-R.S. 40:1299.41 et seq." R.S. 40:1299.40(A)(1), in pertinent part, defines "Health care provider" as a "person, partnership, limited liability company, corporation, facility or institution licensed or certified by this state to provide health care or professional services as a ... psychologist... acting in the course and scope of his employment." Moreover, the statute defines "Health care" as "any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient...." R.S. 40:1299.40(A)(9). Finally, it defines "Malpractice" as "any unintentional tort or breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient...." R.S. 40:1299(A)(8).
In support of his motion for summary judgment, Dr. Flynn submitted evidence showing that the allegations against him did arise out of the provision of health care as defined by the statute, and further that his actions were appropriate under the circumstances. For instance, he submitted pertinent correspondence between himself, other Loyola personnel, and the plaintiff which preceded the plaintiff's involuntary withdrawal from Loyola Law School. Additional documentation showed the limited circumstances under which a psychologist at Loyola would be authorized to reveal confidential information given to him by a student he was counseling. At this point, as noted in the majority opinion, the burden shifted to the plaintiff to present evidence establishing the standard of care applicable to Dr. Flynn, and that the standard had been breached. In other words, to defeat the summary judgment, Mr. Kluksdahl had to show not only that a breach of confidentiality occurred, but also that under the particular circumstances, the breach of confidentiality violated the applicable standard of care for a psychologist in Dr. Flynn's position. In the absence of expert testimony, Mr. Kluksdahl was unable to meet that burden. Accordingly, the partial summary judgment was properly granted.
For these reasons I respectfully concur in the majority opinion.