*491
 
 EDWIN A. LOMBARD, Judge.
 

 |,The plaintiffs appeal the summary-judgment granted in favor of defendant Bank One of Louisiana, NA (Bank One). After
 
 de novo
 
 review, we find that a genuine issue of material facts exists and reverse the judgment of the trial court.
 

 Relevant Facts and Procedural History
 

 In 1999, a dispute arose between Reverend Norwood Thompson, Jr. and First Zion Baptist Church of New Orleans (“the church”) which eventually resulted in Reverend Thompson’s removal as pastor of the church and a petition for damages filed by Reverend Thompson and his wife, Wyn-nette Thompson, alleging claims of defamation and/or negligence and naming as defendants the church, several members of the church, and Bank One. Pertinent to this appeal, Bank One gave members of the church information about a Certificate of Deposit (CD) issued by the bank to First Zion Baptist Church in the amount of $51,000.00. This was subsequently discovered to be incorrect as the CD in question was, in fact, issued to First Zion Baptist Church of Jefferson. Reverent Thompson alleges that, as a result of the erroneous information negligently disseminated by Bank One, he |¿was accused by members of the church of using church funds to purchase a personal CD. Accordingly, the plaintiffs asserted both a defamation and negligence claim against Bank One. In March 2007, however, partial summary judgment was rendered in favor of Bank One, dismissing the defamation claim. In 2010, Bank One filed the instant motion for summary judgment seeking dismissal of the remaining claim. The trial court granted summary judgment and this appeal follows.
 

 Applicable Law
 

 Motions for summary judgment are reviewed
 
 de novo
 
 on appeal “using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.”
 
 Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc.,
 
 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638. The burden of proof is with the movant on summary judgment but, where the movant will not bear the burden of proof at trial, the movant need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La.Code Civ. Proc. art. 966(C)(2);
 
 Greenhouse v. C.F. Kenner Associates Ltd. P’ship,
 
 98-0496, p. 4 (La.App. 4 Cir. 11/10/98), 723 So.2d 1004, 1007. Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that a genuine issue of material facts exists such that summary judgment is not appropriate. La.Code Civ. Proc. art. 966(C)(2);
 
 Greenhouse, supra.
 

 |sTo establish negligence, a “[pjlaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of harm was within the scope of protection afforded by the duty breached.” Questions of liability for negligent acts are evaluated using a duty-risk analysis.
 
 Daye v. Gen. Motors Corp.,
 
 97-1653 (La.9/9/98), 720 So.2d 654, 659.
 

 La.Rev.Stat. 6:1124 provides that no financial institution shall have a fiduciary obligation to its customers in the absence of a written agreement wherein the financial institution agrees to act as a fiduciary.
 

 Discussion
 

 On motion for summary judgment, Bank One points out that the plaintiffs are not Bank One account holders and Bank
 
 *492
 
 One did not provide any erroneous information with regard to any account owned by the plaintiffs. Accordingly, Bank One argues that the plaintiffs cannot establish a negligence claim against Bank One because the plaintiffs cannot establish that Bank One owed a duty to the plaintiffs. In addition, Bank One suggests that, in the absence of a written agreement, banks are immune from liability pursuant to La.Rev. Stat. 6:1124. In support of their motion, Bank One attaches the deposition of Reverend Thompson wherein he concedes that he has never had a personal account with Bank One.
 

 In response, the plaintiffs point out that Bank One acquired the church account in a 1998 merger with First National Bank of Commerce (First NBC) and, as evidenced by the documents creating the church account, Reverend Thompson (as pastor) was a designated agent of the church on the account and, in fact, executed the agreement opening the account on behalf of the church. In support of his opposition, Reverend Thompson attaches a copy of the document entitled | Repository and Borrowing Resolutions and Agreement that he signed on behalf of the church on May 27, 1997, that opened the church account and indicates that, as pastor, he was a designated agent authorized to act on behalf of the church with regard to the bank account.
 

 After
 
 de novo
 
 review, we find that based on this document a genuine issue of material fact exists as to whether a sufficient nexus exists between Reverend Thompson and Bank One such that the defendant owed a duty of care to him. Moreover, as this Court has previously determined, in enacting La.Rev.Stat. 6:1124 the “legislature did not intend to totally immunize banks from all legal duties in their relationship with customers and third parties.”
 
 Bizcapital Business & Industrial Development Corp. v. Union Planters Corp.,
 
 2003-2208 (La.App. 4 Cir. 9/8/04), 884 So.2d 623, 627.
 

 Conclusion
 

 Because a genuine issue of material fact exists, the defendant is not entitled to summary judgment as a matter of law. Accordingly, the judgment of the trial court is reversed and the matter is remanded for further proceedings.
 

 REVERSED AND REMANDED.