EDWIN A. LOMBARD, Judge.
| tThis appeal is from the judgment granting the motion for summary judgment filed by Exxon Mobil Corporation (Exxon) against the plaintiff and denying the plaintiffs motions for summary judgment against Exxon, Dr. Victor E. Tedes-co, III, Michael W. Tedesco, Lawrence J. Tedesco, Molly C. Tedesco, and Charlotte Tedesco Harris (“the Tedescos”). After de novo review, we affirm the judgment of the trial court.

Relevant Facts and Procedural History

On May 14, 2007, Mohammed Halum, Damin Halum, Zuhair Adbelfattah, and 4500 Chef Menteur, L.L.C., purchased the property at 4500 Chef Menteur Highway in New Orleans from the Tedescos. Because there was a gas station structure on the property, non-operational since Hurricane Katrina, that remained subject to a lease agreement with Exxon at the time of purchase, the parties executed a “Letter Agreement and Addendum to the Purchase and Sale Agreement of 4500 Chef Mentaur Highway May 14, 2007.”
*966 The gas station structure was locked and barricades prevented access to the building, but at some point in August 2007 (prior to termination of Exxon’s lease agreement), unknown third parties gained access to the roof and removed the copper components of the air conditioning units.
|2On May 13, 2008, Mohammed Halum, Damin Halum, Zuhair Adbelfattah, and 4500 Chef Menteur, L.L.C., filed suit against the Tedescos and Exxon, alleging that the property suffered $56,000.00 in damages due to the theft of the copper coils and corresponding roof damage because of the defendants’ negligence. The defendants filed an unopposed Exception of No Right of Action which was granted on May 8, 2009, dismissing Mohammed Halum, Dam in Halum, and Zuhair Adbel-fattah and, accordingly, the only remaining plaintiff in this action is the limited liability company, 4500 Chef Menteur, L.L.C.
The plaintiff filed two motions for partial summary judgment arguing that (1) Exxon was liable for the damage because the lease remained in effect until full possession was transferred to the plaintiff and (2) the Tedescos were liable for the damage because they agreed to indemnify the plaintiff for financial remediation caused by the lessees and were therefore responsible for all damages that occurred to the property prior to the plaintiffs entry into possession of the premises. Both defendants filed oppositions to the plaintiffs motions for partial summary judgment and, in addition, Exxon filed its own motion for summary judgment asserting that as a matter of law it owed no duty to the plaintiff to protect against unforeseeable criminal acts of unknown persons and, thus, was not liable for the damages suffered by the plaintiff.
On February 18, 2011, after a hearing on all three motions, the trial court denied the plaintiffs motions for partial summary judgment and granted Exxon’s motion for summary judgment, dismissing Exxon from the action with prejudice. The plaintiff appeals, arguing that it was error for the trial court to grant Exxon’s motion and not to grant the plaintiffs motions for partial summary judgment.

\ ^Applicable Law

Motions for summary judgment are reviewed de novo on appeal “using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.” Supreme Services & Specialty Co., Inc., v. Sonny Greer, Inc., 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638. The burden of proof is with the movant on summary judgment but, where the movant will not bear the burden of proof at trial, the movant need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La.Code Civ. Proc. art. 966(C)(2); Greenhouse v. C.F. Kenner Associates Ltd. P’ship, 98-0496, p. 4 (La.App. 4 Cir. 11/10/98), 723 So.2d 1004, 1007. Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that a genuine issue of material facts exists such that summary judgment is not appropriate. Id.
To establish negligence, a “[pjlaintiff must prove that the conduct in question was a cause-in-faet of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of harm was within the scope of protection afforded by the duty breached.” Questions of liability for negligent acts are evaluated using a duty-risk analysis. Daye v. General Motors Corp., 97-1653 (La.9/9/98), 720 So.2d 654, 659.

*967
Plaintiff’s Motion for Partial Summary Judgment against Exxon

The plaintiff asserts that it is entitled to partial summary judgment against Exxon because the lease between the defendants was in effect at the time the damage occurred, thus making Exxon liable for the damage that occurred prior to the termination of the lease. In support of its motion, the plaintiff submits (1) the |4May 14, 2007, act of sale conveying the property “as is/where is” with a waiver of claims for redhibition signed by the Tedes-cos and Mohammed Halum, Damin Halum, and Zuhair Adbelfattah as agents for the plaintiff; (2) a copy of the original lease executed in 1967 between the Tedescos and Exxon’s predecessor, Humble Oil & Refining Company; (3) the affidavit of Mohammed Halum stating that because the lease agreement between Exxon and the Tedescos remained in effect at the time of the sale, an Addendum to the Purchase and Sale Agreement was executed to protect the plaintiff from “any damage that may result after the sale date,” and that the plaintiff was not in full possession of the property until after September 10, 2007; and (4) a copy of a fax letter sent to Jacobus Joubert from “Hammy Halum,” dated September 10, 2007, confirming a conversation wherein Mr. Joubert had advised Mr. Halum that he would coordinate with “the Broker” to give him keys and possession of the property and, in addition, Mr. Halum’s inquiry as to how Exxon would remedy the damage to the air conditioning units, the cooler compressors, and interior damage that occurred while Exxon maintained possession.
In opposition, Exxon asserts that the plaintiff is not entitled to partial summary judgment because the damages at issue were not caused by Exxon or any party who was on the property with the consent of Exxon. In support of its opposition, Exxon points to the admission in the plaintiffs Petition for Damages that the sale of the structure was “As is, Where is, with a waiver of claims of redhibition” and, therefore, not entitled to damages that existed in the structure prior to the sale. Exxon also submits the deposition of Mohammed Halum wherein Mr. Halum concedes that (1) prior to the May 14, 2007, sale, he inspected the property and noted pre-ex-isting water damage to the interior of the budding; (2) he | sdiscovered the damage to the air conditioning units on the roof of the gas station structure in August 2007; and (3) he knew that someone might want the copper in the air conditioning units but thought it unlikely because the property was located at a prominent intersection in New Orleans East, making it difficult for someone to take the copper without being seen.
Pursuant to La. Civ.Code art. 2687, “[t]he lessee is liable for damage to the thing caused by his fault or that of a person who, with his consent, is on the premises or uses the thing.” See also La. Civ.Code art. 2692 (lessee bound to repair damage caused by his fault or that of persons on the property with his consent). Thus, upon de novo review, we find that because the plaintiffs representative (Mr. Halum) concedes that Exxon did not participate or consent to the theft of the copper in the air conditioning units, the plaintiff is not entitled to judgment as a matter of law against Exxon based on the lease in effect at the time the damage occurred.

Plaintiff’s Motion for Partial Summary Judgment against the Tedescos

The plaintiff asserts it is entitled to partial summary judgment against the Te-descos because the Tedescos “agreed to indemnify the plaintiff for financial remediation caused by lessees.” In support of its motion, the plaintiff again submits copies of the act of sale, the lease agreement *968 between the defendants, and the fax letter to Mr. Joubert. In addition, the plaintiff submits the affidavit of Mohammed Halum stating that because the lease agreement between Exxon and the Tedescos remained in effect at the time of the sale, an Addendum to the Purchase and Sale Agreement was executed to protect the plaintiff from “any damage that may result after the sale date” and that the plaintiff was not in full possession of the property until after the lease termination when the damage was discovered.
|nIn opposition to the motion for partial summary judgment, the Tedescos assert that the plaintiff became the sole owner of the property on May 14, 2007, and, pursuant to an assignment executed that same day, was assigned all leasehold rights and obligations that the Tedescos had in the commercial lease with Exxon. Moreover, the Tedescos point out that (1) pursuant to the purchase agreement, the property was sold “As is, Where is,” with a waiver of claims for redhibition; (2) the plaintiff had full authority to discuss all matters relating to the property with Exxon and participated in the lease cancellation negotiations; (3) the plaintiff received rent payments from Exxon pursuant to the lease agreement; and (4) at the time of the sale, Gertrude Gardner Realtors recommended that the plaintiff change the locks on the property but the plaintiff failed to do so.
In support of its opposition to partial summary judgment, the Tedescos submit (1) a copy of the cash sale agreement; (2) the assignment document dated May 14, 2007, assigning to the plaintiff all of the Tedescos’ right, title, and interest in the Commercial Lease involving Exxon and the property at issue; (3) an acknowledgment signed by all parties that the “As is, Where is” language in the Act of Cash Sale had been fully explained to them; (4) the Addendum to the Purchase and Sale agreement; (5) the deposition transcript of Mohammed Halum; (6) an affidavit of John Dale Powers, the Tedescos attorney, detailing the negotiations pertaining to the lease termination; (7) correspondence between Mr. Powers and representatives of Exxon pertaining termination of the lease agreement; and (8) the lease termination agreement.
The Addendum between the parties includes the following pertinent provisions:
|72. After due diligence, I [the Vendor] represent and warrant that the subject property is free of termites as of this date;
3. Regardless of any language in the Act of Cash Sale, I represent and warrant that the Vendee, 4500 Chef Ment-eur, LLC, shall not be responsible for any environmental liability, financial remediation, or mitigation clean up activities for negative conditions caused by me, my co-owners, previous owners, present lessees or past lessees of the aforementioned property.
4. I agree to indemnify, defend, save and hold harmless Vendee for any responsibility or liability which may be imposed upon it for any environmental liability, financial remediation, or mitigation clean up activities for negative conditions cause by me, my co-owners, previous owners, present lessees or past lessees at the aforementioned property.
5. I have disclosed to Vendee all of my knowledge regarding environmental concerns located at 4500 Chef Menteur Highway, New Orleans, Louisiana.
6. I agree to cooperated and assist Vendee is [sic] accomplishing the final lease cancellation with Exxon Mobil, including, but not limited to, making telephone calls, negotiating final terms and executing the necessary paperwork.
*969 7. Rent through this date will be prorated. Any future rent ... will be forwarded to Vendee....
8. I agree to indemnify, defend, save and hold harmless Vendee for any and all claims made by Exxon Mobil against landlord for breaches of the lease arising prior to the date of the Act of Cash Sale.
Clearly, in this agreement the Tedescos were indemnifying potential liability for environmental damages as a result of the gas station and underground tanks on the property. Moreover, Mr. Halum conceded in his deposition that (1) the buyers inspection report indicated that the structure had a bad roof; (2) a water leak had damaged some of the outside wall, the ceiling tiles were “warped and in bad shape” as a result of Hurricane Katrina; (3) the property was purchased with knowledge of the lease agreement; (4) as representative of the plaintiff he was privy to lease cancellations discussions; (5) he failed to insure the property for theft 18or damage during the interim between the purchase of the property and termination of the lease; (6) he was aware of the possibility that someone might want the copper in the air conditioners but took no action to secure or protect the property; and (7) no action by the Tedescos or an agent for the Tedescos prevented him from going onto the property or inhibited the lease cancellation process.
Upon de novo review, we find that the Addendum relied upon by the plaintiff pertains to possible environmental damages and remediation resulting from the use of the property as a service station and cannot be construed as a generic indemnification of all damage which might occur while the lease agreement remained in force. Accordingly, there is no merit to the plaintiffs argument that the Tedeseo’s are liable for the damages related to the theft by unknown persons of the copper in the air conditioning units because they “agreed to indemnify the plaintiff for financial remediation caused by lessees” and the plaintiff is not entitled to partial summary judgment on that issue.

Exxon’s Motion for Summary Judgment

Exxon moves for summary judgment asserting it is entitled to judgment as a matter of law because it owed no duty to the plaintiff to protect against unforeseeable criminal acts of unknown persons and, thus, cannot be liable for damages suffered by the plaintiff as a result of the unforeseeable criminal acts of unknown persons. In support of their motion, Exxon submits (1) the act of sale conveying the property “as is/where is” with a waiver of claims for redhibition signed by the Tedescos and Mohammed Halum, Damin Halum, and Zuhair Adbelfattah as agents for the plaintiff, a limited liability company; (2) the transcript of the deposition of Mohammed Halum wherein he concedes that the building had been closed for several years at the time of purchase and the damage |3to the building was caused by vandalism, not an act of the Tedescos or Exxon; (3) a copy of the original lease executed in 1967 between the Tedescos and Exxon’s predecessor, Humble Oil & Refining Company; (4) a copy of the agreement terminating the lease between the Tedescos and Exxon on August 31, 2007.
In opposition to Exxon’s motion for summary judgment, the plaintiff asserts that there was no damage to the property at the time of purchase in May 2007, that Exxon was in possession of the property pursuant to the lease agreement until September 2007, and upon termination of the lease agreement the plaintiff took possession of the property to discover damage to the property. Further, the plaintiff avers that although it conceded that “the act” occurred in August of 2007 “it is unknown at this time who committed the act and whether or not the perpetrators *970 had ExxonMobil’s permission to be on the property.” Thus, the plaintiff argues that a genuine issue of material fact exists and Exxon’s motion for summary judgment must be denied. The plaintiff submits nothing in support of these allegations.
Once Exxon pointed out that there was an absence of factual support for one or more elements essential to the plaintiffs claim, the burden shifted to the plaintiff to produce factual support sufficient to establish that a genuine issue of material facts exists such that summary judgment is not appropriate. La.Code Civ. Proc. art. 966(C)(2); Greenhouse, 98-0496, p. 4, 723 So.2d at 1007. The plaintiff is unable to prove that Exxon had a duty to protect the plaintiff from the criminal acts of unknown persons, see Travelers Property Casualty Co. of America v. Pratt, 41-387 (La.App. 2 Cir. 9/27/06), 940 So.2d 704, 710, and instead seeks to circumvent the issue by alleging that the perpetrators may have been on the property -with Exxon’s permission. This is frivolous and does not create a genuine | inissue of material fact. Pursuant to La. Code Civ. Proc. art. 967(B), an adverse party may not rest on mere allegations or denials in his pleading in response to a properly made and supported motion for summary judgment but must come forward, by affidavits or otherwise, with specific facts showing a genuine issue for trial. The plaintiff failed to do so and Exxon is entitled to judgment as a matter of law.

Conclusion

After de novo review, we affirm the judgment of the trial court granting Exxon’s motion for summary judgment and denying the plaintiffs motions for partial summary judgment.
AFFIRMED.