# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-409

RICKEY WHITTINGTON, JR.

VERSUS

QBE SPECIALTY INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 238,123
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

Ward F. Lafleur
Mahtook & Lafleur
P. O. Box 3605
Lafayette, LA 70502-3605
Telephone: (337) 266-2189
COUNSEL FOR:
     Defendants/Appellants - QBE Specialty Insurance Company, F&F Ashline, Inc., and Travis J. Guin

Mark Alan Watson
Stafford, Stewart, & Potter
P. O. Box 1711
Alexandria, LA 71309
Telephone: (318) 487-4910
COUNSEL FOR:
     Defendant/Appellee - General Insurance Company

**Daniel Randolph Street**
**Law Offices of Street & Street**
**508 North 31st Street**
**Monroe, LA 71201**
**Telephone:  (318) 325-4418**
**COUNSEL FOR:**
**Plaintiff/Appellant - Rickey Whittington, Jr.**

**Donovan J. O'Pry, II**
**P. O. Box 91530**
**Lafayette, LA 70501**
**Telephone:  (337) 237-4370**
**COUNSEL FOR:**
**Intervenor Appellee - Gilchrist Construction, Inc.**

**THIBODEAUX, Chief Judge.**

The defendants/appellants, QBE Specialty Insurance Company and its insureds, F&F Ashline, Inc. and Travis J. Guin (collectively referred to as QBE), appeal from two judgments of the trial court: (1) the granting of summary judgment to, and the dismissal of, the defendant/appellee, General Insurance Company of America (GICA); and (2) the denial of a new trial to QBE. For the following reasons, we affirm both judgments of the trial court.

## I.

## ISSUES

We must decide:

(1)    whether the trial court erred in granting summary judgment to the defendant/appellee, GICA; and

(2)    whether the trial court manifestly erred in denying a new trial to the defendants/appellants, QBE.

## II.

## FACTS AND PROCEDURAL HISTORY

On June 2, 2009, Ricky Whittington Jr. was rear-ended by Travis Guin, who was operating an eighteen-wheel tractor trailer rig. Mr. Whittington sustained extensive injuries, medical expenses, lost wages, and he ultimately underwent back surgery. Mr. Whittington filed suit against Mr. Guin, his employer, F&F Ashline, Inc., and the employer's insurer, QBE, in April 2010. Solely out of an abundance of caution because of third-party fault alleged by QBE, Mr. Whittington named GICA as an alternative fourth defendant. GICA insured the deceased Mr. Billy Parker, who had run a stop sign in his Buick and hit Mr. Whittington's dump truck in a previous accident on April 16, 2009.

Mr. Whittington answered GICA's interrogatories in November 2010. He stated in his petition and in his answers to interrogatories that he believed all of his injuries were a result of the June accident, not the April accident. In January 2010, GICA filed a motion for summary judgment. Mr. Whittington's only objection was on procedural grounds, and he admitted that he was not opposed to the dismissal of GICA on the merits. The trial judge granted GICA's motion for summary judgment and subsequently denied QBE's motion for a new trial. QBE appealed the trial court's judgments. For the following reasons, we affirm in both instances.

III.

## STANDARD OF REVIEW

When an appellate court reviews a district court judgment on a motion for summary judgment, it applies the *de novo* standard of review, "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Gray v. American Nat. Property & Cas. Co.*, 07-1670, p. 6 (La. 2/26/08), 977 So.2d 839, 844 (quoting *Supreme Serv. & Specialty Co., Inc. v. Sonny Greer*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638).

When reviewing the grant or denial of a motion for new trial, an appellate court cannot reverse the trial court's decision unless an abuse of discretion can be demonstrated. *Harbor v. Christus St. Frances Cabrini Hosp.*, 06-593 (La.App. 3 Cir. 11/2/06), 943 So.2d 545.

IV.

## LAW AND DISCUSSION

*GICA's Motion for Summary Judgment*

The defendant, QBE, contends that the trial court erred in granting summary judgment to and dismissing the defendant, GICA, from Mr. Whittington's lawsuit. Our Code of Civil Procedure provides:

> The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.

La.Code Civ.P. art. 966(A)(1).

It further provides that the motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). "After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted." *Id*. at (C)(1). "The burden of proof remains with the movant." *Id*. at (C)(2).

However, if the movant will not bear the burden of proof at the trial on the issue, he need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id*. "Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." *Id*.

In its motion for summary judgment and attached memorandum in support, GICA referred to the allegations pled by Mr. Whittington in his petition for damages and argued that, because of admissions made by Mr. Whittington himself in his pleadings, there were no genuine issues of material fact for a case against GICA. At the hearing on the motion for summary judgment, GICA entered into evidence the record of civil suit no. 238,123, "RICKEY WHITTINGTON, JR., VS. QBE SPECIALTY INSURANCE COMPANY, ET AL."

3

In the first paragraph of Mr. Whittington's petition, he names four defendants, the three QBE defendants and GICA. The second paragraph of Mr. Whittington's petition states as follows:

2.

> On or about June 2, 2009, Plaintiff **RICKEY WHITTINGTON** was operating a 2007 International Harvester Dump Truck owned by Gilchrist Construction, in a construction zone on Louisiana Highway 4 in Jackson Parish, Louisiana. Plaintiff shows he brought his vehicle to a stop due to the construction project. Plaintiff shows while his vehicle was at a complete stop, his vehicle was suddenly violently and without warning struck from the rear by Defendant **TRAVIS J. GUIN** who was operating a 1996 Kenworth 18 wheeler tractor-trailer rig owned by his employer Defendant **F&F ASHLINE, INC**., resulting in injuries and damages to be detailed hereinafter.

In paragraphs three through eight, Mr. Whittington's petition describes his lower back injuries from the June accident, his medical expenses, loss of work, pain and suffering, possible surgery, and expected future damages. These damages all resulted from being hit from behind in the June accident and from the fault and solidary liability of the three QBE defendants.

In paragraph nine, Mr. Whittington states that in the alternative and "solely out of an abundance of caution because of allegations" expected from QBE, his dump truck was previously hit from the side by a 1996 Buick in Alexandria, Louisiana, on April 14, 2009. In paragraphs ten and eleven, Mr. Whittington describes in boilerplate terminology the fault of the Buick driver for that accident, but he does not allege any specific injuries in connection with the April accident.

In paragraph twelve, Mr. Whittington's petition states that he "does not believe" the April accident "caused or contributed to any of the injuries" he sustained in the June accident; and he "does not believe" the April accident "caused or contributed to any condition of his body which was aggravated or exacerbated by the June 2, [2009] accident."

4

GICA quoted this language from paragraph twelve and pointed out to the court that since it did not bear the burden of proof at trial, it needed only negate one essential element of Mr. Whittington's claim against GICA. GICA then argued that Mr. Whittington admitted that he did not think he sustained injuries in the first accident, did not allege, nor could he be able to prove that the injuries sustained in the June accident were caused, or contributed to, by the April accident. The record bears this out. Mr. Whittington filed an "objection" to GICA's motion for summary judgment only because of a procedural issue regarding notice, and because he feared the allegations of QBE. The plaintiff's objection specifically stated:

> Plaintiff RICKEY WHITTINGTON, JR., does not believe the April 14, 2009 accident caused or contributed to his injuries, however, before suit was filed on the matter Defendant QBE SPECIALTY INSURANCE COMPANY contended the April 14, 2009 accident did cause or contribute to Plaintiff's injuries. Therefore, Plaintiff named GENERAL INSURANCE COMPANY OF AMERICA as a defendant on the earlier accident to ensure Plaintiff would be properly compensated for his injuries in the event these allegations proved meritorious.

The plaintiff's objection then stated unequivocally, "Plaintiff alleges his back injuries result from the June 2, 2009 accident." He further stated, and underlined his statement for emphasis, "Plaintiff RICKEY WHITTINGTON, JR., has no Opposition to the motion [of GICA] on its merits." Mr. Whittington also stated that he was "perfectly content" for GICA "to be dismissed from this case."[1]

---

[1] The plaintiff conditioned his "perfect content" on the proviso that the remaining defendants be prevented from "attempting to allocate fault or responsibility for Plaintiff's injuries to the dismissed parties, as provided in Article 966(F)." The trial court did not address this article in its judgment or reasons for judgment; nor shall we in this affirmance. We do note, however, that La.Code Civ.P. art. 966(F) was amended pursuant to Legislative Act No. 257 of the Regular Session, 2012, HB No. 459, effective on August 1, 2012, and it now provides:

> (1) When the court grants a motion for summary judgment, in accordance with the provisions of this Article, that a party or nonparty is not negligent, not at fault, or did not cause, whether in whole or in part, the injury or harm alleged, that party or nonparty shall not be considered in any subsequent allocation of fault. Evidence shall not be admitted at trial to establish the fault of that party or nonparty nor shall the issue be submitted to the jury nor included on the jury verdict form. This Paragraph shall not apply

5

"A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it." La.Civ.Code art. 1853. A judicial confession is a party's express acknowledgement of the correctness of a fact or an act charged against him by his adversary. *First Homestead Federal Savings and Loan Ass'n v. Coleman*, 446 So.2d 551 (La.App. 3 Cir. 1984).

The effect of a judicial confession is to waive evidence as to the subject of the admission or to withdraw the matter from issue. *Cheatham v. City of New Orleans*, 378 So.2d 369 (La.1979). "The well settled jurisprudence establishes that an admission by a party in a pleading constitutes a judicial confession and is full proof against the party making it." *C.T. Traina, Inc. v. Sunshine Plaza, Inc.*, 03-1003, p. 5 (La. 12/3/03), 861 So.2d 156, 159 (citations omitted). "La.Civ.Code art. 1853 explicitly provides that a judicial confession may be revoked only on the ground of error of fact." *Id.* at 160.

In its written reasons for granting GICA's motion for summary judgment, the trial court stated that it considered Mr. Whittington's statements; and the court specifically noted the fact that in his objection, Mr. Whittington underlined the statement that he had no opposition to GICA's motion for summary judgment. Here, the plaintiff never revoked as error his allegations that his back injuries were from the second accident in June.

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination" of actions; the "procedure is favored and shall be

when a summary judgment is granted solely on the basis of the successful assertion of an affirmative defense in accordance with Article 1005, except for negligence or fault.

(2) If the provisions of this Paragraph are applicable to the summary judgment, the court shall so specify in the judgment. If the court fails to specify that the provisions of this paragraph are applicable, then the provisions of this Paragraph shall not apply to the judgment.

6

construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). Once the defendant pointed out to the court that there was an absence of factual support for one or more elements of the plaintiff's claims, the burden shifted to the plaintiff to come forward with some evidence that he could be able to satisfy his evidentiary burden of proof at trial. *In re Kluksdahl*, 10-1304 (La.App. 4 Cir. 3/2/11), 62 So.3d 189, 192. Here, GICA introduced the court record and pointed out to the court that there was an absence of factual support against it for causing Mr. Whittington's injuries, and Mr. Whittington did not come forward with evidence that he could be able to satisfy his evidentiary burden of proof at trial. In fact, Mr. Whittington did the opposite. He went on record as saying that he did not oppose their motion on the merits and that he was content with their dismissal from the suit.

Moreover, neither Mr. Whittington nor his attorney made an appearance at the contradictory hearing on GICA's motion for summary judgment, which absence the trial court noted. GICA argued that the plaintiff's statements were admissions against interests, and the trial court agreed that they were evidence to be considered at the hearing. Based upon the plaintiff's filings with the court, Mr. Whittington essentially admitted that all of his injury and pain derived not from the April accident but from the June accident. He clearly did not present evidence that he could meet his evidentiary burden and succeed at a trial against GICA.

QBE did oppose GICA's motion for summary judgment and appeared at the hearing to argue its opposition. As evidence, QBE attached Mr. Whittington's petition for damages, his answers to GICA's interrogatories, and one medical report dated May 8, 2009. However, those documents further supported GICA's motion for summary judgment and thwarted QBE's opposition to it. The petition is discussed above.

In his answers to interrogatories, Mr. Whittington stated that he had been off work for only one week after the April 14th accident, primarily because of the

7

emotional effect of the other driver's death, and also because federal regulations and company policy required that he not drive until his post-accident drug tests had shown negative results. Mr. Whittington further stated that he had scheduled a single doctor's visit following the April accident. The referenced May 8th medical record from Dr. Chris Griffin indicated that Mr. Whittington had a backache and leg pain after an accident and that it was getting better. The record also stated that the reason for the doctor's visit was to find a primary physician because Mr. Whittington's sugar level was high. This was confirmed by Mr. Whittington in his deposition.

*Prematurity of the Summary Judgment Procedure*

We disagree with QBE's arguments that summary judgment was premature because there had not been adequate discovery and improper because GICA did not attach affidavits to its motion. Article 966(A)(1) states that a defendant, "with or without supporting affidavits," may move for summary judgment "at any time." Absent a showing of a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there are no genuine issues of fact. *Advance Products & Systems, Inc. v. Simo*n, 06-609 (La.App. 3 Cir. 12/6/06), 944 So.2d 788, *writ denied*, 07-26 (La. 3/9/07), 949 So.2d 444. The abuse of discretion standard is used to determine whether the trial court allowed adequate time for discovery. *Id*.

Here, Mr. Whittington's suit was filed and his discovery was propounded to the defendants in April of 2010; Mr. Whittington answered GICA's interrogatories in November 2010; and GICA filed its motion for summary judgment in January 2011. The motion was set for hearing in February but was moved to March 21st because GICA and the plaintiff had concerns regarding notice to QBE. Moreover, Mr. Whittington gave a video deposition on March 15, 2011, before the March 21st hearing on the summary judgment. While parties must be given fair opportunity to

carry out discovery and present their claims, the requirement is that adequate discovery be conducted, not that discovery be completed. *Thomas v. North 40 Land Development, Inc.*, 04-610 (La.App. 4 Cir. 1/26/05), 894 So.2d 1160. We find no abuse of discretion regarding adequate discovery under La.Code Civ.P. art. 966(C)(1).

Based upon the foregoing, we find no error by the trial court in granting GICA's motion for summary judgment.

*New Trial; La.Code Civ.P. art. 1972*

QBE next contends, in the alternative, that the plaintiff's deposition and some additional medical records constituted newly discovered evidence that created material issues of fact entitling QBE to a new trial under La.Code Civ.P. art. 1972. We disagree. Article 1972 provides in pertinent part:

> A new trial shall be granted, upon contradictory motion of any party, in the following cases:
>
> (1) When the verdict or judgment appears clearly contrary to the law and the evidence.
>
> (2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.

La.Code Civ.P. art. 1972 (1) and (2).

Under Article 1972(1), QBE argues that Mr. Whittington admitted in his video deposition that, after the April accident and before the June accident, he had back and leg pain for more than the one week he previously indicated, creating material issues of fact that rendered the trial court's judgment contrary to the law on summary judgment, La.Code Civ.P. art. 966(B). Under Article 1972(2), QBE contends that this information was not available to QBE until it received the deposition transcript on April 5th, after the trial on March 21st. We agree with the trial court that neither criterion for a new trial under article 1972 is met.

The "new evidence" in Mr. Whittington's deposition does not show that the trial court's judgment was contrary to the law on summary judgments because it confirmed Mr. Whittington's prior statements that his injuries were due to the second accident in June 2009, not the first accident in April. More specifically, Mr. Whittington testified in his deposition that he was sore after the first accident, that he had some back pain and radiating pain into his right buttocks and thigh, but it went away. He went back to work after a week off, and the soreness gradually subsided. He reiterated that he had gone to Dr. Griffin on May 8, three weeks after the April 2009 accident to follow up on his diabetes issue, and while he was there, he told him about the back and leg. The additional medical records submitted by QBE for its new trial motion confirm that Mr. Whittington saw Dr. Griffin three more times in May and once in June for glucose testing.

Moreover, all of this evidence, if it had been favorable to QBE, was available before and during the trial on the motion for summary judgment. Mr. Whittington's video deposition was taken on March 15th, six days before the hearing on March 21st, and QBE attended the deposition. As the trial court indicated, with due diligence, QBE could have ordered an expedited transcript or could have offered the video deposition itself as evidence at the hearing.

We also find QBE's arguments unpersuasive regarding too short a response time between the plaintiff's deposition and the summary judgment hearing for the service of the deposition evidence. QBE argues that La.Code Civ.P. art. 966(B) requires eight days for service of evidence in opposition to a pending motion and that QBE could not have met this time limit even if it had ordered an expedited transcript.

However, Article 966(B) states: "The motion for summary judgment, memorandum in support thereof, and supporting affidavits shall be served within the time limits provided in District Court Rule 9.9. *For good cause, the court shall give*

*the adverse party additional time to file a response, including opposing affidavits or depositions.*" District Court Rule 9.9(b) does require that the opposition be served eight days before the hearing, but the record establishes that QBE did not seek the additional time allowed under La.Code Civ.P. art. 966(B) to supplement its opposition with the plaintiff's deposition or deposition transcript.

Accordingly, we find no abuse of discretion in the trial court's denial of QBE's motion for a new trial under La.Code Civ.P. art. 1972.

V.

**CONCLUSION**

Based upon the foregoing, the trial court's judgment granting summary judgment in favor of General Insurance Company of America is affirmed. Likewise, the trial court's judgment denying a new trial to QBE Specialty Insurance Company and its insureds, F&F Ashline, Inc. and Travis J. Guin, is also affirmed.

All costs are assessed to QBE Specialty Insurance Company, and its insured, F&F Ashline, Inc. and Travis J. Guin.

**AFFIRMED**.