NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1387

DAN COLE, SR.

VERSUS

JAMES J. PETITJEAN, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2010-11022
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Marc T. Amy, Judges.

AFFIRMED.

Marcus Anthony Allen, Sr.
Attorney at Law
631 East Simcoe Street
Lafayette, LA 70501
(337) 289-1762
COUNSEL FOR PLAINTIFF/APPELLANT:
    Dan Cole, Sr.

**John Fayne Wilkes, III**
**Ray F. Lucas, III**
**Tonya R. Smith**
**Joy Cantrelle Rabalais**
**Erin N. Hargrave**
**Borne & Wilkes, L.LC.**
**P. O. Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **City of Rayne**
    **Carroll Stelly, Police Chief, City of Rayne**
    **James J. Petitjean, Mayor of City of Rayne**

**PETERS, J.**

The plaintiff, Dan Cole, Sr., brought suit against Mayor James J. Petitjean of the City of Rayne, Louisiana; and Police Chief Carroll Stelly of the City of Rayne, Louisiana, to recover damages for malicious prosecution, false arrest/imprisonment, and inadequate training and supervision. The trial court granted the defendants' motion for summary judgment and dismissed Mr. Cole's claims against them. Mr. Cole appealed this judgment and the defendants answered the appeal seeking attorney fees for frivolous appeal. For the following reasons, we affirm the trial court judgment dismissing Mr. Cole's claims against the defendants, but decline to hold that the appeal is frivolous.

## DISCUSSION OF THE RECORD

The litigation arises from Mr. Cole's ownership of a Rayne, Louisiana business establishment known as Club Uptown. Based on a citizen's complaint, Mr. Cole was arrested on December 17, 2008, for violation of a city ordinance relating to loud noise. After charges were dropped by the city prosecutor on August 31, 3009, Mr. Cole instituted suit against the following: Mr. Petitjean in his official capacity as Mayor of the City of Rayne, Mr. Stelly in his official capacity as Chief of Police of the City of Rayne, and their liability insurer.[1] Although his August 31, 2010 petition is entitled a suit for malicious prosecution, Mr. Cole also raised issues of false arrest and imprisonment, as well as inadequate training and supervision of the law enforcement officers of the City of Rayne.[2]

---

[1] Mr. Cole identified the unknown liability insurer as "XYZ Insurance Company." No insurer has come forward in the litigation and the existence or non-existence of the liability insurer is not an issue in this litigation.

[2] Although he did not name the City of Rayne or the Rayne City Police Department as defendants, Mr. Cole requested service on both entities at the time he filed his initial petition.

The defendants[3] answered Mr. Cole's petition on October 13, 2010, asserting no liability on their part for any damages caused Mr. Cole by his December 17, 2008 arrest, and asserted a number of affirmative and statutory defenses to the claims. On January 12, 2012, after a number of other legal proceedings were completed, the defendants filed the motion for summary judgment that is the subject of this appeal. In support of their motion for summary judgment, the defendants offered the plaintiff's original petition; the affidavit giving rise to the Mr. Cole's arrest as well as the arrest warrant itself; a written statement of Cynthia McClaskey, the citizen who made the initial complaint to the law enforcement officers; and the deposition testimony of Mr. Cole. In response to the motion, Mr. Cole provided the trial court with excerpts from Chief Stelly's and City Attorney Angie Wagar's depositions, as well as the same affidavit and arrest warrant provided by the defendants.

At the July 9, 2012 hearing on the motion for summary judgment, the litigants agreed that the only claim remaining was that of malicious prosecution as the rest had prescribed. Considering this agreement and the evidence presented, the trial court granted the motion and dismissed Mr. Cole's claims. Thereafter, Mr. Cole perfected this appeal wherein he asserted that defendants failed to submit sufficient evidentiary support for their motion and that there remained genuine issues of material fact that precluded a grant of the motion. The defendants answered the appeal, seeking attorney fees for work performed on appeal in opposition to a frivolous appeal.

---

[3] Although not named specifically as a defendant in the original petition, the City of Rayne joined Mayor Petitjean and Chief of Police Stelly in answering the petition.

2

**OPINION**

Appellate courts review grants of summary judgment as follows:

> Motions for summary judgment are reviewed de novo on appeal "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Supreme Services & Specialty Co., Inc., v. Sonny Greer, Inc.,* 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638. The burden of proof is with the movant on summary judgment but, where the movant will not bear the burden of proof at trial, the movant need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. La.Code Civ. Proc. art. 966(C)(2); *Greenhouse v. C.F. Kenner Associates Ltd. P'ship*, 98-0496, p. 4 (La.App. 4 Cir. 11/10/98), 723 So.2d 1004, 1007. Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that a genuine issue of material facts exists such that summary judgment is not appropriate. *Id.*

*Halum v. Tedesco*, 11-0818, p. 3 (La.App. 4 Cir. 11/30/11), 101 So.3d 964, 966.

In order to prevail in a civil claim for malicious prosecution, a plaintiff must prove the following: 1) that a criminal proceeding was instituted against him, 2) that this proceeding was instituted by the defendant named in the civil action, 3) that the criminal action terminated in favor of the plaintiff, 4) that probable cause was absent in instituting the prosecution, 5) that malice motivated the prosecution, and 6) damages were suffered by the plaintiff. *Miller v. East Baton Rouge Parish Sheriff's Dept.*, 511 So.2d 446 (La.1987).

Because the defendants do not have the burden of proof at trial, they are only required "to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La.Code Civ.P. art. 966(C)(2). With that burden of proof in mind, we first recognize that the first three elements are not disputed: a criminal proceeding was instituted against Mr. Cole; the proceeding was instituted by the City of Rayne; and the criminal proceedings terminated in favor of Mr. Cole.

3

The issuance of an arrest warrant is governed by the requirements of La.Code Crim.P. art. 202(A) which provides as follows:

A warrant of arrest may be issued by any magistrate pursuant to this Paragraph or as provided in Paragraph D of this Article and, except where a summons is issued under Article 209, shall be issued when all of the following occur:

(1) The person making the complaint executes an affidavit specifying, to his best knowledge and belief, the nature, date, and place of the offense, and the name and surname of the offender if known, and of the person injured if there be any. An affidavit containing the electronic signature of the applicant shall satisfy the constitutional requirement that the testimony of the applicant be made under oath, provided that such signature is made under penalty of perjury and in compliance with R.S. 9:2603.1(D).

(2) The magistrate has probable cause to believe that an offense was committed and that the person against whom the complaint was made committed it.

The affidavit of Ms. McClaskey and the warrant issued for Mr. Cole's arrest are combined into one document. The affidavit portion of the document purports to provide a notarized statement of Ms. McClaskey, but actually provides nothing more than a recitation of the city ordinance at issue. The specific language used to establish probable cause in both the affidavit and the warrant section of the document is set forth as follows:

The blowing of unnecessary whistles, ringing of bells or the playing with excessive intensity or unreasonable volume of any band, musical instrument, phonograph, jam-box, radio or other loudspeaking or noise-making devise or attachment is hereby declared to be a nuisance and prohibited. It shall be unlawful for any person to blow any unnecessary whistles, ring bells or play or permit or allow to be played any band, musical instrument, phonograph, radio, jam-box or other loudspeaking or noise-making device within the city in such manner and in such volume or with such intensity as to be unreasonably offensive to the public or to the occupants of other premises in the immediate area. Sec. 34-51

This is not sufficient probable cause. Probable cause exists whenever circumstances and facts within the knowledge of the arresting office, and of which

4

he has trustworthy and reasonable information, are such that a man of average caution would be justified in believing that the person to be arrested has committed or is currently committing an offense. *State v. Collins,* 378 So.2d 928 (La.1979), *cert. denied*, 447 U.S. 928, 100 S.Ct. 3025 (1980).

The warrant is deficient in other respects, as well. Although the affidavit portion is executed by Ms. McCaskey before a notary public, the warrant itself is not executed at all. In that portion of the arrest warrant relating to bail, the number "$5,000.00" is hand-written in the blank provided. Additionally, the bottom of the arrest warrant contains the hand-written notation "Verable set by Judge Jim Cunningham[.]" Implicit within the act of issuance of an arrest warrant is the signature of the magistrate. La.Code Crim.P. art. 203(6).

In his deposition, Mr. Cole testified that he was in the process of attempting to renew a lease on his business location, but that the realtor informed him that there was an existing "loud music ticket" issued by the City of Rayne. According to Mr. Cole, the realtor suggested that he obtain a letter of recommendation from the Mayor and Chief of Police, or have the public officials call him. When he went to the Mayor's office, Mayor Petitjean responded by calling the realtor and voicing his support for Mr. Cole. When he approached Chief Stelly, he received the same cooperation. However, according to Mr. Cole, after telephoning the realtor, Chief Stelly then informed him that an arrest warrant was pending. However, instead of immediately taking him into custody, Chief Stelly allowed Mr. Cole to complete his business with the realtor and to return later. Mr. Cole later returned to the police office, and the police department provided him with transportation to his home to obtain the funds to post a $614.00 bond. According to Mr. Cole, when the matter was first brought to trial, it was continued, and was ultimately dismissed.

5

In the excerpt from Chief Stelly's deposition, he testified that he had been willing to write Mr. Cole a letter recommending that he be allowed to maintain his nightclub business; that he had no objections to or problems with Mr. Cole operating the nightclub business; and in fact, he had attended the Grand Opening of the business.

In the excerpt from Ms. Wagar's deposition, she testified that she based her acceptance of the charge against Mr. Cole on Ms. McClaskey's statement and Mr. Cole's history of a prior similar charge. She acknowledged that the arrest warrant bore no magistrate signature and recognized that Ms. McClaskey was her only witness. The reason she dismissed the prosecution was that the business had closed.

Based on the evidence before it, the trial court granted the defendants' motion for summary judgment. We find no error in that judgment. The defendants carried their burden in establishing an absence of factual support for the element of malice on their part. La.Code Civ.P. art. 966(C)(2). The burden then shifted to Mr. Cole to "produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial" on this issue. *Id.* He failed to do so.

Finally, we reject the defendants' answer to the appeal and decline to award attorney fees pursuant to La.Code Civ.P. art. 2164 for frivolous appeal. It is well-settled that appeals are favored in Louisiana and, because of the penal nature of La.Code Civ.P. art. 2164, it must be strictly construed and applied only in cases where the appeal is unquestionably frivolous. *Ray v. Leatherman*, 96-542 (La.App. 3 Cir. 10/9/96), 688 So.2d 1133, *writ denied*, 96-2709 (La. 1/6/97), 685 So.2d 123. We find that the inadequacy of the affidavit in support of the arrest and the arrest warrant itself certainly gave Mr. Cole cause for concern about the way he was

6

being treated, and his failure to establish the single element of malice does not make this case unquestionably frivolous.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of the defendants, Mayor James J. Petitjean, Chief of Police Carroll Stelly, and the City of Rayne,[4] and against the plaintiff, Dan Cole, Sr., dismissing his claims against the defendants in full. We reject the request of the defendants to be awarded attorney fees for the frivolous nature of Mr. Cole's appeal. We do, however, assess all costs of this appeal to Dan Cole, Sr.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

---

[4] Given the relationship between the City of Rayne and the two named defendants and the fact that the City of Rayne joined in the litigation as if it were a named defendant, and has been considered as such since the initial answer to the original opinion, we include that entity in the opinion as well.