820 So.2d 1114 (2002)
Carolyn Holland Haley Wife of/and Elbert Walton HALEY, III
v.
Teddi T. Roberts Wife of/and Jay Anthony ROBERTS, Ville Charmante, L.L.C., Craig Ricca d/b/a Craig's Barber Shop, Allstate Insurance Company and ABC Insurance Co.
No. 02-CA-30.
Court of Appeal of Louisiana, Fifth Circuit.
May 29, 2002.
*1115 Jerome M. Volk, Jr., Michael E. Escudier, Demartini, D'Aquila & Volk, Kenner, LA and Steven F. Griffith, Destrehan, LA, for Plaintiffs/Appellants.
Ronald L. Ronzello, Christy M. Howley, Kenner, LA, for Defendants/Appellees, Teddie T. Roberts and Jay Anthony Roberts.
John F. Olinde, Earl F. Sundmaker III, Heather M. Valliant, Chaffe, McCall, Phillips, Toler & Sarpey, L.L.P., New Orleans, LA, for Defendants/Appellees, Craig Ricca, Craig Ricca d/b/a Craig's Barber Shop, Allstate Insurance Company, and Ville Charmante, L.L.C.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and CLARENCE E. McMANUS.
THOMAS F. DALEY, Judge.
The plaintiffs have appealed the trial court's grant of summary judgment in favor of the defendants. For the reasons which follow, we affirm in part and reverse in part.

FACTS:
The plaintiffs, Carolyn and Elbert Haley, filed suit against the defendants, Teddi and Jay Roberts (hereinafter referred to as the Roberts), Ville Charmante, L.L.C., Craig Ricca d/b/a Craig's Barber Shop (hereinafter referred to as Ricca), and their insurer Allstate Insurance Company, for injuries Mrs. Haley sustained when she fell just outside of Craig's Barber Shop. The accident occurred on April 7, 1998 at approximately 10:30 a.m. Mrs. Haley testified that she had gone to Craig's Barber Shop for a trim. She had been to this shop on two prior occasions, entering the shop without difficulty. Upon exiting the shop, Mrs. Haley testified that the walkway immediately sloped downward. She explained that the cement had "ridges" and the toe of her shoe caught in a ridge and the incline of the slope caused her to fall, injuring her ankle, knees, and back.
Mr. and Mrs. Haley filed suit against the owner of the shop, Ricca, the owner of the building, Ville Charmante, L.L.C. and the principals of Ville Charmante, the Roberts, who owned the land and served as general contractors in constructing the building. After answering the suit, all defendants moved for summary judgment. The Motions for Summary Judgment filed by the Riccas and the Roberts were heard by the court first. After granting their motions, it was realized that a motion on behalf of Ville Charmante had not been filed. At that point a motion on behalf of Ville Charmante was filed and granted. This devolutive appeal followed.

LAW AND DISCUSSION:
It is well settled that a Motion for Summary Judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a *1116 matter of law. La. C.C.P. art. 966. Under the recently-amended version of article 966, the initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If, as in this case, the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The nonmoving party then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. Id.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Whether a particular fact in dispute is material can only be determined in light of the substantive law applicable to the case. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir.6/20/97), 696 So.2d 1031, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29.
The plaintiffs filed suit alleging defendants were liable "under strict liability arising under Article 2317." In 1996, the legislature adopted Civil Code article 2317.1, accompanied by an amendment to Civil Code article 2322, which created fundamental changes to the burden of proof in strict liability. Greenhouse v. C.F. Kenner Associates Ltd. Partnership, 98-0496 (La. App. 4 Cir. 11/10/98) 723 So.2d 1004. A plaintiff alleging negligence under strict liability now has to prove the following elements: (1) that the defendant knew or should have known of the vice or defect; (2) that the damage could have been prevented by the exercise of reasonable care; and (3) that defendant failed to exercise such reasonable care. Id. The addition of knowledge as an element has effectively eliminated strict liability in most circumstances. Id.
In support of his Motion for Summary Judgment, Ricca argued that he had no knowledge of any alleged defect in the ramp, that the ramp was not defective because it was approved by the proper authorities, and that he was not liable for plaintiff's injuries because the lease provided that the lessor was responsible for maintaining the sidewalks. In support of his position, Ricca attached his affidavit stating that there were no prior or subsequent falls on the ramp and that he had received no complaints regarding the slope of the ramp. He also attached documents from the State Fire Marshall and St. Charles Planning and Zoning Department indicating that approval was given for permanent occupancy and that the building was in compliance with all zoning requirements.
The Roberts' argument for summary judgment was similar. The Roberts contend that the ramp was not defective because Mrs. Haley testified that she had no difficulty with the ramp on prior visits to the shop and there were no other incidents involving the ramp. They further contend that the required element of knowledge of the alleged defect is absent from this case because there were no complaints regarding the ramp. Finally, the Roberts' contend that based on Mrs. Haley's testimony, the fall was caused by her own fault because she was looking at flowers that were being planted rather than watching where she was walking. The arguments by Ville Charmante are identical arguments to those presented by the Roberts.
In opposition to the Motions for Summary Judgment, the plaintiffs offered the affidavit of a safety expert, Dennis Howard. Mr. Howard stated in his affidavit *1117 that the ramp was defective because it dropped off sharply on each side and there were no warnings regarding the slope. He pointed to R.S. 49:148.1, which applies only to State owned buildings, however, R.S. 49:148.3 urges "all private enterprise make an effort to adhere to the structural standards" stated in R.S. 49:148.1. This statute requires a five foot by five foot platform if a door opens outward toward a walk. Mr. Howard states there was no platform in this case, rather, the ramp began to slope immediately outside of the door. He further states that this statute requires that the slope on a ramp be one foot rise in elevation for every 12 feet in length. Here the rise was three inches so the ramp should have been 36 inches long with a uniform slope on all sides rather than the immediate slope on each side. He further states that the statute requires handrails for a ramp such as this. Mr. Howard concludes that these violations render the ramp unreasonably dangerous. Additionally, Mr. Howard states that the plans submitted to and approved by the various authorities do not show the ramp.
Plaintiff contends that the case of Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990) is directly on point. In Sistler the plaintiff was injured when she caught her shoe on a one inch elevation in a restaurant floor. The Court found the floor was unreasonably dangerous because there were no warnings as to the change in elevation. The Court engaged in a duty risk analysis and found that had warning signs or highlights been in place, the elevation change would have been apparent. The Court found that the failure to do so rendered the floor unreasonably dangerous. The Court went on to state that the plaintiff should be able to presume that her entry and exit from a business surrounding is safe. Based on Sistler, plaintiff argues that the ramp was unreasonably dangerous and that she was not liable for the fall because she was entitled to presume the entrance and exit were safe.
We find that plaintiff's reliance on Sistler is misplaced as that case was decided prior to the 1996 legislative changes in the theory of strict liability. In asserting a claim for negligence based on strict liability it is incumbent on the plaintiff to prove that the defendant had or should have had knowledge of the alleged defect. In support of their Motions for Summary Judgment, the defendants have presented the affidavit of Ricca stating that there have been no prior or subsequent falls or complaints with the ramp. We find this is sufficient to support defendants' position regarding actual notice. However, this is not sufficient to support defendants' position as to constructive notice. Plaintiffs' expert's affidavit creates a material issue of fact as to whether there is a defect in the ramp. The affidavit cites to R.S. 49:148.1 that sets forth precise standards for a handicap access ramp and concludes that the failure to adhere to these standards renders this ramp unreasonably dangerous. The affidavit also creates an issue of fact as to whether the defendants had constructive knowledge of the alleged defect.
We find the trial court erred in granting summary judgment in favor of the Roberts and Ville Charmante because there is a material issue of fact as to whether the ramp was defective and whether these defendants, as builder and owner of the building, should have had notice as to any defect. The trial court correctly granted summary judgment in favor of Ricca because he was the lessee of the premises, Ricca had no actual knowledge of a defect, and Ricca's lease expressly states that the sidewalks shall be maintained by the lessor.
*1118 For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of the Roberts and Ville Charmante is reversed. The judgment of the trial court granting summary judgment in favor of Ricca is affirmed.
AFFIRMED IN PART; REVERSED IN PART.