J¿rHOMAS F. DALEY, Judge.
The plaintiff, Patrick McGehee, Jr., has appealed the grant of summary judgment in favor of the defendant. 'For the reasons that follow, we affirm.
FACTS:
In his deposition, plaintiff testified that he is a cab driver. In the early morning *307 hours of September 25, 1999, he heard a report of a fellow cab driver being attacked. As he was driving along Airline Highway in Metairie, he spotted a man fitting the description of the attacker riding in another cab. He alerted his dispatcher, who called the police. He followed that cab to the Seville Square Condominiums located at 4101 Hessmer Street. As the suspect exited the vehicle, plaintiff got out of his cab and approached the suspect. The suspect started to run “like he was going to go into the complex.” Plaintiff testified that he followed the suspect in order to see where he was | agoing so he could alert police. While walking along the pathway along side of the complex, plaintiff fell, breaking his leg.
Plaintiff filed suit against Seville Square Condominiums Homeowners Association and their insurer, Scottsdale Insurance Company, (Scottsdale) alleging that he tripped and fell on broken and/or lose concrete and that the defendants had failed to maintain the premises in a safe condition, failed to warn of the dangerous condition, and failed to properly light the premises. Only Scottsdale was served, and it answered with a general denial. Scottsdale then filed a Motion for Summary Judgment that was granted by the trial court. Plaintiff filed this timely appeal.
LAW AND DISCUSSION:
It is well settled that a Motion for Summary Judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Article 966 provides that the mover has the initial burden to show that no genuine issue of material fact exists. If, as in this case, the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The nonmoving party then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. Id.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s determination of whether a summary judgment is 14appropriate. Reynolds v. Select Properties Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.
In its Motion for Summary Judgment, Scottsdale argues that there is no evidence that the pathway where plaintiff fell was unreasonably dangerous or was defective. They contend that plaintiffs injury was due to his own lack of due care for his own safety. Scottsdale states that if plaintiff had looked down at the ground where he was walking, he would have seen the alleged crack and could have avoided it. Scottsdale attached the affidavit of Louis Sabrier, president of the Seville Square Homeowners Association, to its motion. Mr. Sabrier stated that the area where plaintiff claims to have fallen is the driveway and that it was well lit at the time of the incident. He further stated that there are only minor cracks along this driveway, that the cracks are less than 1/8 of an inch wide with a height difference of lk inch or less. He stated that during his five year tenure with the board there have been no complaints of anyone falling or tripping in this driveway. Finally, he stated that there is a Sheriffs Office substation across the street from the condominiums.
*308 Mr. McGehee’s deposition was also attached to Scottsdale’s motion. Mr. McGe-hee testified that he followed the suspect to see what door he went into so he could alert the police. He further testified: “I was watching him going towards the gate of the complex, and the next thing I knew, I took a step and I fell down, and I broke my knee.” Mr. McGehee did not identify what, if anything, caused him to fall.
In his opposition to Scottsdale’s motion, plaintiff argues that there are material issues of fact as to the condition of the pathway, the location of the fall, the plaintiffs lack of familiarity with the location, and the costs of repairs to the defendants. Specifically, plaintiff points to Mr. Sabrier’s affidavit and states that there is no indication as to who took the measurements of the cracks, when they were taken, and |Rwhat empirical means were utilized in taking the measurements. He further states that there is no indication as to who conducted an examination of the lighting or when it was conducted. He also argues that since he has alleged strict liability, the imposition of strict liability should be determined by a trier of fact not by summary judgment. Finally, he argues that because there is an allegation of comparative fault on his part, this matter is not appropriate for summary judgment. Mr. McGehee’s deposition is also attached to his Memorandum in Opposition to Summary Judgment.
On appeal, plaintiff relies on this Court’s decision in Haley v. Roberts, 02-03 (La.App. 5th Cir.5/29/02), 820 So.2d 1114 to support his argument that defendant’s Motion for Summary Judgment should not have been granted. In Haley, plaintiff fell when her shoe became caught in a ridge in a sloping walkway while exiting a barber shop. In reversing the trial court’s grant of summary judgment in favor of the defendants, this Court found the plaintiffs expert’s affidavit created a material issue of fact as to whether the ramp was defective and whether defendants, as builder and owner of the building, should have had constructive notice of any defect. This Court went on to find that the trial court correctly granted summary judgment in favor of the lessee of the premises because the lessee presented an affidavit stating that there were no prior or subsequent falls or complaints related to the ramp, thus there was no evidence that the lessee had actual knowledge of a defect.
At the hearing on this matter, counsel for Scottsdale argued that Mr. McGehee was unable to state what caused him to fall. In response, plaintiffs attorney stated that when Mr. McGehee testified that “his foot went down” he meant that it went down in a crack and that the cracks were greater that a half inch in depth. Plaintiff did not testify in his deposition that his foot went down in a crack. In fact, plaintiff never testified as to how he fell. Nowhere in his deposition does he refer to cracks or |Rdefects in the pathway. Mr. McGehee testified that he was walking on the pathway following the defendant and “next thing I knew, I took a step and I fell down, and I broke my knee.” He never stated that he tripped over something or that his foot went into a crack — he only stated that he fell. Unlike in Haley, supra, the record before us, there is no evidence that the area where plaintiff fell was defective.
Plaintiff also argues that the trial court prematurely granted the Motion for Summary Judgment because plaintiff has not been afforded an opportunity to formally conduct an investigation of the premises and has not been able to take the deposition of Mr. Sabrier. The record indicates that this accident occurred 2years prior to the hearing on the motion. Further, the Motion for Summary Judgment was filed after the discovery cut off had passed. There is no indication that plain *309 tiff attempted to continue the motion or conduct discovery between the date the motion was filed and the hearing of the motion. We find this argument to be without merit.
Article 966 provides that if the party bringing a Motion for Summary Judgment will not bear the burden of proof at trial, the mover must only show that there is an absence of support for one or more elements of the opposing party’s claim. The party opposing the Motion for Summary Judgment then has the burden to come forward with some evidence of a material issue of fact. Based on the evidence submitted, we find that plaintiff did not carry his evidentiary burden, and therefore, defendant is entitled to summary judgment as a matter of law. Accordingly, the summary judgment granted in favor of Scottsdale is affirmed.

AFFIRMED.