JUDE G. GRAVOIS, Judge.
| ⅞Appellant, Charles Sicard, has appealed the trial court’s grant of summary judgment and award of attorney’s fees in favor of appellee, Carole Sicard. For the rea *566 sons that follow, we affirm the grant of summary judgment, reverse the award of attorney’s fees, and remand the matter to the trial court for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

Charles Sicard filed a petition for divorce from Carol Sicard in 2008. Carole reconvened seeking spousal support. On April 8, 2009, Cynthia DeLuca, counsel for Carole, sent Charles a letter stating that it was her understanding that the parties had reached an agreement concerning final spousal support. A copy of a draft of a Consent Judgment on final support was included in the letter. Ms. DeLuca requested that Charles go to her office to sign the Consent Judgment.
|sOn April 9, 2009, Charles went to Ms. DeLuca’s office and signed the Consent Judgment. On April 13, 2009, the Consent Judgment was filed into the record of the divorce proceeding and was signed by the domestic commissioner. Thereafter, Charles began to pay the spousal support set forth in the Consent Judgment.
On April 6, 2010, Charles filed a Petition for Nullity of the Consent Judgment, alleging ill practices on the part of Carole and her attorney, Ms. DeLuca. On June 3, 2010, Carole’s Exception of No Cause of Action was granted and Charles was given fifteen days to amend his petition. On June 11, 2010, Charles filed a Supplemental and Amending Petition for Nullity of Judgment. On September 28, 2010, Carole’s second Exception of No Cause of Action was overruled. On October 1, 2010, Carole answered both the original and supplemental petitions for nullity, denying all allegations therein.
On November 5, 2010, Carole filed a Motion for Summary Judgment, stating that the nullity action is “completely unfounded in both fact and law.” Carole claimed that the nullity action was simply an effort to avoid paying support. On December 27, 2010, Charles filed an opposition to the Motion for Summary Judgment, claiming that he was not represented by counsel when he signed the Consent Judgment and was informed by Ms. DeLu-ca that he “would be unable to obtain a divorce until he agreed to provide spousal support in favor of’ Carole.
On February 9, 2011, the trial court held a hearing on the Motion for Summary Judgment. At the conclusion of the hearing, summary judgment was granted. This timely appeal followed.

yLAW AND ANALYSIS

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Craig v. Bantek West, Inc., 04-0229 (La.App. 1 Cir. 9/17/04), 885 So.2d 1241. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The burden of proof is on the mover to show that judgment should be rendered in his favor. La. C.C.P. art. 966(C)(2). If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Id. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof *567 at trial. Id. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. Id.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Haley v. Roberts, 02-30 (La.App. 5 Cir. 5/29/02), 820 So.2d 1114, 1116.
In her Motion for Summary Judgment, Carole argued that throughout these entire proceedings, Charles had not been forthcoming about his income and had failed to produce proper and complete documentation of his income. She states 15that at the time the Consent Judgment was signed, a motion to compel discovery and a rule for contempt and attorney’s fees were pending. She reasons that Charles signed the Consent Judgment so that the motion and rule would be dismissed and he would not have to produce proof of his income. Carole claims that the only purpose of the action for nullity is to harass and financially burden her. Carole argues that Charles cannot carry his burden of proving any ill practice or fraud and cannot make the requisite showing that he has been deprived of a legal right, nor can he prove that enforcement of the Consent Judgment would be inequitable or unconscionable.
In support of her motion, Carole attaches a transcript of sworn testimony taken at the time Charles signed the Consent Judgment. The following are excerpts from that transcript:
EXAMINATION BY MS. DELUCA:
Q. Charles, you are here freely and voluntary; is that correct?
A. No. I’ve been forced.
Q. If you were forced, then we can’t sign this document today.
A. In that case, I’m on free will accord.
Q. You are freely and voluntarily here today?
A. Yes, I am.
Q. No one’s coerced you or held you— over this document?
A. Right.
Q. Yes or no?
A. Yes.
[[Image here]]
A. Nobody forced me to be here.
[[Image here]]
|fiQ. Have you had an opportunity to bring this [the Consent Judgment] to an attorney?
A. Yes, I have.
Q. Have you brought it to an attorney?
A. No, I didn’t.
Q. Have you chose not to bring it to an attorney?
A. Yes, I chose not to bring it to an attorney.
[[Image here]]
Q. Do you understand that I cannot answer any questions that you may have because I represent Mrs. Sicard?
A. Fine. I don’t have any questions for you.
Q. You have no questions regarding this document?
A. Other than what did you change?
Q. There are two paragraphs that have been changed in the document since I presented it to you a week or so ago when I sent it to you. It would be the paragraph on page 2 and the second to last paragraph on page 2.
If you’d like, you can review that right now; and if you’d you like the opportunity to take it to an attorney to review before you sign it today, we are fine with that as well.
A. Let’s get it over with.
*568 Q. So you are taking the option not to take this to an attorney to have them review these paragraphs?
A. Yes, I’m taking the option. I’d like to sign it and get it over with. Is that agreeable to you?
Q. That’s fine with me.
A. All right. Do it.
Carole also submitted an affidavit from Ms. DeLuca, who attested that she never indicated to Charles that signing the Consent Judgment was a requirement for the divorce to be obtained or that it would settle and/or resolve the community property issues.
|7The Consent Judgment orders Charles to pay $800 per month in permanent/final spousal support to Carole. It further orders that “if for any reasons whatsoever any portion of CAROLE SICARD’S $463.00 per month of CHARLES SI-CARD’S social security benefits ceases then CHARLES SICARD shall pay to CAROLE SICARD the portion that was terminated.... ” It further orders that “the $800 per month, any or all of the $463.00 (if paid directly by Charles Sicard) and the payment of the Car Insurance, AAA Club Membership, and Cell Phone as permanent/final Spousal Support shall only terminate upon the remarriage of Carole Sicard and/or the death of either party.”
In opposition to the Motion for Summary Judgment, Charles contends that he agreed to the amount of spousal support in the Consent Judgment, but only with the “proviso that he would do so for only as long as his health would allow and was financially able to do so.” He contends that Ms. DeLuca knew that his agreement was conditioned on his ability to pay and Ms. DeLuca failed to inform him that the agreement which he signed contained a “non-modification” clause that would prevent him from seeking a reduction in spousal support.
In support of his opposition to the summary judgment, Charles submitted an affidavit attesting that he appeared at Ms. DeLuca’s office on April 9, 2009 to resolve all remaining issues between him and his wife, including divorce, spousal support, and community property. He attests that he was there under duress because he could no longer afford legal representation. Charles further attests that at the start of the meeting, he told Ms. DeLuca that he would only agree to pay the $800 spousal support for as long as he could afford to pay it. He attests that Ms. DeLuca did not respond at any time that he would be unable to seek a reduction should it become necessary. He attests that had Ms. DeLuca “told him that the ‘Consent Judgment’ could only be modified by either party’s death or Ms. Sicard’s | ^remarriage, and not upon a showing of a significant change in circumstance, he would never have signed in agreement thereto.”
It is well established that in a motion for summary judgment supporting and opposing affidavits shall be made on personal knowledge and set forth facts that would be admissible in evidence. La. C.C.P. art. 967. Ultimate facts and conclusions of law contained in supporting affidavits cannot be considered for purposes of summary judgment. JCM Const. Co., Inc. v. Orleans Parish School Bd., 02-0824, p. 42 (La.App. 4 Cir. 11/17/03), 860 So.2d 610, 635. Clearly Charles’ statements that “he would be unable to seek a reduction should it become necessary” and that the Consent Judgment could not be modified “upon a showing of a significant change in circumstances” are conclusory allegations. In opposing a motion for summary judgment, a plaintiff may not satisfy his burden of showing he will be able to satisfy his evi-dentiary burden at trial by resting on mere allegations or by filing self-serving *569 conclusory affidavits which merely restate those allegations. See, Sims-Gale v. Cox Communications of New Orleans, 04-0952 (La.App. 4 Cir. 4/20/05), 905 So.2d 811, 313. Accordingly, because the affidavit submitted by Charles in opposition to Carole’s motion for summary judgment is merely a recitation of the allegations raised in his petition, and is insufficient to show that he will be able to carry his evidentiary burden of proving fraud or ill practice, in light of the sworn transcript taken at the signing of the Consent Judgment, there is no genuine issue of material fact. Thus, the trial court’s grant of summary judgment was correct and is hereby affirmed.
The trial court also awarded Carole $5,500 in attorney’s fees. On appeal, Charles argues that the trial court erred in awarding attorney’s fees without first conducting a hearing.
|9Louisiana Code of Civil Procedure article 2004 allows for the award of reasonable attorney’s fees incurred by the prevailing party in an action to annul a judgment on grounds of fraud or ill practice. However, regardless of the statutory authorization for an award of attorney’s fees, courts should examine certain factors to determine the reasonableness of attorney’s fees. Rivet v. State, Dep’t. of Transp. and Dev., 96-145, p. 11 (La.9/5/96), 680 So.2d 1154, 1161. Factors to be considered include the ultimate result obtained; the responsibility incurred; the importance of the litigation; the amount of money involved; the extent and character of the work performed; the legal knowledge, attainment, and skill of the attorneys; the number of appearances involved; the intricacies of the facts involved; the diligence and skill of counsel; and the court’s own knowledge. Id.
At the hearing on the motion for summary judgment, counsel for Carole stated that she had worked thirty-one hours on this case and her bill was $5,500. She requested that this fee be awarded. After granting the motion for summary judgment, counsel inquired as to the request for attorney’s fees and the court responded “I’m going to grant that also.” Thus, the record is void as to any indication that the trial court took into account the factors to be considered in making this award of attorney’s fees. Accordingly, this matter is remanded for a determination of the appropriate amount of attorney’s fees to be awarded.

CONCLUSION

For the foregoing reasons, the trial court’s grant of summary judgment is affirmed. The portion of the judgment awarding of attorney’s fees is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

\,(AFFIRMED IN PART; REVERSED IN PART; MATTER REMANDED