HIGGINBOTHAM, J.
lain this breach of contract case, appellant, J.D. Fields & Company, Inc. (Fields), seeks review of the judgment of the trial court granting summary judgment in favor of appellee, Wharton-Smith, Inc.
BACKGROUND
In 2005, Nottingham Construction Company, LLC (Nottingham) contracted with the City of Hammond for the construction of the North Plant Lift Station. In order to facilitate its work on the project, Nottingham rented sheet piles from Fields. Nottingham also contracted with PCS to drive the sheet piles to create a cofferdam, which allowed Nottingham to perform its work below ground (the subcontract). The sheet piles that were provided by Nottingham to PCS were delivered to the jobsite, and PCS drove and removed the sheet piles. After completion of the work in 2006, Nottingham returned the sheet piles to Fields. Fields claimed that the returned sheet piles were heavily damaged and not returned in “first-class, re-drivable condition.”[1] Thereafter, Fields sent numerous invoices to Nottingham representing the alleged reconditioning and/or liquidation charges incurred in connection with the rented sheet piles. Nottingham did not pay the invoices.
In August 2010, Nottingham entered into an Asset Purchase Agreement with Wharton-Smith (the agreement) in which Wharton-Smith purchased a number of Nottingham’s assets and also assumed some of Nottingham’s liabilities.
On August 6, 2012, Fields filed a “Petition on Open Account and for Damages” naming Nottingham, Wharton-Smith Inc., and PCS as defendants. In its petition, Fields alleged an open account claim as well as a damages claim for breach of contract against Nottingham and Wharton-Smith, under the theory of successor liability, and for damages for negligence against PCS. Nottingham and |3Wharton-Smith filed peremptory exceptions of prescription and peremption. On February 6, 2013, judgment was signed granting Nottingham and Wharton-Smith’s exception of prescription regarding Fields’ open ac *101 count claim, but denying Nottingham and Wharton-Smith’s exception of peremption regarding Fields’ breach of contract claim, leaving the breach of contract claim as the only remaining claim against Wharton-Smith.
On June 27, 2014, Wharton-Smith filed a motion for summary judgment contending that Fields cannot produce evidence to establish that Wharton-Smith is the successor to Nottingham such that successor liability applies. Fields maintained that genuine issues of material fact remain as to whether WhartonSmith expressly or impliedly assumed liability for the lawsuit filed by Fields and whether Wharton-Smith is liable as a mere continuation of Nottingham. 'WhartonSmith’s motion for summary judgment came before the trial court on September 29, 2014. On January 5, 2015, the trial court signed a judgment granting WhartonSmith’s motion for summary judgment and dismissing Fields’ claims. It is from this judgment that Fields appeals.
STANDARD OF REVIEW
When reviewing summary judgments, appellate courts conduct a de novo review of the evidence, using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Boudreaux v. Vankerkhove, 2007-2555 (La.App. 1st Cir.8/11/08), 993 So.2d 725, 729-30. The motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B)(2).
|4On a motion for summary judgment, the initial burden of proof is on the moving party. However, on issues for which the moving party will not bear the burden of proof at trial, the moving party must only point out to the court that there is an absence of factual support for one or more elements essential to'the adverse • party’s claim, action, or defense. Then the non-moving party- must produce factual support sufficient to satisfy its evidentiary burden of proof at trial. If the nonmoving party fails to do so, there is no genuine issue of material fact and the mover is entitled to summary judgment. La.Gode Civ. P. art. 966(C)(2). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of’the substantive law applicable to the case. The Shaw Group v. Kulick, 2004-0697 (La.App. 1st Cir.4/8/05), 915 So.2d 796, 800, writ denied, 2005-1205 (La.11/28/05), 916 So.2d 148.
DISCUSSION

Successor Liability

Fields contends that although it did not have a contract with Wharton-Smith, Wharton Smith.is liable for Fields’ damages under the theory of successor liabili-. ty. The basic principle of corporate successor liability was set forth by the U.S. Supreme Court in Golden State Bottling Co., Inc. v. National Labor Relations Board:
[T]he general rule of corporate liability is that, when a corporation sells all of its assets to another, the latter is not responsible for the seller’s debts or liabilities, except where (1) the purchaser expressly or impliedly agrees to assume the obligations; (2) the purchaser is merely a continuation of the selling corporation; or (3) the transaction is entered into to'escape liability.
*102 Golden State Bottling Co., Inc. v. National Labor Relations Board, 414 U.S. 168, 182 n. 5, 94 S.Ct. 414, 424, 38 L.Ed.2d 388 (1973). Louisiana Courts have followed that general rule. See Bourque v. Lehmann Lathe, Inc., 476 So.2d 1125, 1127 (La.App. 3rd Cir.1985); Pichon v. Asbestos Defendants, 2010-0570 (La.App. 4th Cir.11/17/10), 52 So.3d 240, 243, writ denied, 2010-2771 (La.2/4/11), 57 So.3d 317. Fields contends that the first and second exceptions enumerated in Golden State Bottling Co. are! applicable in .this case.

(1) The purchaser expressly or impliedly agreed to "assume the obligations.

Fields argues that. Wharton-Smith expressly or impliedly assumed liability for the lawsuit filed by Fields in- the agreement. Conversely, in its mption for summary judgment, Wharton-Smith contends that certain liabilities of Nottingham were explicitly excluded from Wharton-Smith’s assumption of Nottingham’s liabilities in the agreement, including the breach of contract claim filed by Fields. In support of its motion for summary judgment, Wharton-Smith attached the deposition of Ronald Davoli, president of Wharton-Smith, the deposition of Ted C. Flicks, owner of Nottingham at the time of the sale, and the agreement.
In favor of its position, Wharton-Smith cites La. Civ.Code art. 1822 which states in pertinent part, “[a] person who, by agreement, with the obligor, assumes the obligation' of the latter is bound only to the extent of his assumption.” In this case, Wharton-Smith agreed to assume only certain liabilities of Nottingham 'and specifically excluded the following relevant liabilities listed under section 3.2 of the agreement titled “Excluded Liabilities:”
a) Any liabilities of Seller for work performed prior to the Closing or any other liability which arose or accrued prior to the Closing Date ...
f) Any liabilities or obligations for breach of contract, injuries or death to persons or damages to property arising or claimed to arise from services provided by Seller (or any predecessor thereto) on or prior to the ■ Closing Date.
g) Any liabilities or obligations relating to any claim of any third party arising out of ... the conduct or operation of the Business or the activities of Seller in connection with ... the Business prior to Closing. (Emphasis added.)
| ^Further, Mr. Davoli, in his deposition, testified that Wharton-Smith assumed liabilities from the date of the transaction going forward.
The chief advantage of an asset sale over a merger or share exchange is the ability to pick and choose among assets and liabilities to be transferred. Glenn G. Morris & Wendell H. Holmes, 8 Louisiana Civil Law Treatise, Business Organizations § 37.02 (2015). Wharton-Smith was entitled to pick and choose among Nottingham’s assets and liabilities to be transferred and is bound only to the extent of its assumption of Nottingham’s liabilities. See La. Civ.Code art. 1822. The damages that Fields contends Nottingham, and Wharton-Smith as successor to Nottingham, are liable for accrued in 2006, well before the “closing date” of the agreement between Nottingham and Wharton-Smith in August 2010. Here, the language of the contract is clear that any liabilities that accrued before the closing date are excluded from the transfer. The damages alleged by Fields were clearly excluded from Wharton-Smith’s assumption of Nottingham’s liabilities. For that reason', Wharton-Smith is not liable to Fields under the *103 first exception laid out in Golden State Bottling Co.

(2). The purchaser is merely a continuation of the selling corporation.

Fields also contends that Wharton-Smith is merely a continuation of Nottingham. In favor of its position, Fields points out that Wharton-Smith occupied Nottingham’s office space, assumed its commercial lease obligation, and gave employment- to Nottingham’s employees who met certain qualification' requirements.
The key consideration is whether the successor is, in fact, a “continuation” of the predecessor. The extent to which predecessor and successor have common shareholders, directors, officers, or even employees are, pertinent considerations. 17Further, prior business relationships should be considered, as should the continuity of the identity of the business in the eyes of the public. Bourque, 476 So.2d at 1127. A threshold requirement to trigger a determination of whether successor liability is applicable under the “continuation” exception is that one corporation must have purchased all or substantially all the assets of another. Pichon, 52 So.3d at 244.
In this case, Wharton-Smith did not purchase all the assets of Nottingham. In the agreement in schedule 2.2, there was a list of assets of Nottingham that were specifically excluded from the asset transfer. There were also contracts that were retained by Nottingham. Additionally, in his deposition Mr. Hicks testified that the customer base of Wharton-Smith and Nottingham is different, and Wharton-Smith’s work scope is much broader than that of Nottingham. At the time of the agreement, Mr. Hicks, who was the sole owner of Nottingham, was not given-any ownership in Wharton-Smith,[2] and Nottingham’s employees were offered a position with Wharton-Smith only if they met certain criteria.
The evidence in the record overwhelmingly support’s Wharton-Smith’s .contention that it is not a mere continuation of Nottingham. Fields failed to present sufficient factual evidence to show that it would be able to prove otherwise at trial. Thus, there is no genuine issue of material fact .that must be tried, and the trial court was .correct in granting Wharton-Smith’s motion for summary judgment.
'conclusion
For the foregoing reasons, the summary judgment signed by the trial court on January 5, 2015 is affirmed. All costs of the appeal are assessed to appellant, J,D. Fields & Company, Inc.
AFFIRMED.
PETTIGREW, J., concurs.
CRAIN, j., concurs and assigns reasons.

. This language is from the rental agreement Fields provided to Nottingham, which Nottingham did not sign.

. According to the deposition testimony of Mr. Davoli, Mr. Hicks did receive five-hundred shares óf Wharton-Smith around March 2014, nearly four years after the ágreement.