NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-621

ANTHONY J. GASPARD, ET UX.

VERSUS

CAMPING WORLD RV SALES, LLC, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NUMBER C-20172891, DIVISION E
HONORABLE MICHELE M. BREAUX, DISTRICT JUDGE

**********

SHARON DARVILLE WILSON
JUDGE

**********

Court composed of Sharon Darville Wilson, Gary J. Ortego, and Wilbur L. Stiles,
Judges.

AFFIRMED.

Gabe A. Duhon
Michael L. Barras
George A. Day
GABE A. DUHON, LLC
105 Tivoli Street
Abbeville, Louisiana  70511
(337) 893-3423
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Anthony J. Gaspard and Terri L. Gaspard

Reid A. Jones
Caroline K. Darwin
WIENER, WEISS & MADISON
A Professional Corporation
330 Marshall Street, Suite 1000
Shreveport, Louisiana  71101
(318) 226-9100
COUNSEL FOR DEFENDANT/APPELLEE:
    Southern RV, LLC

James C. Percy
Ryan E. Johnson
Justin Marocco
Henry Steven Rauschenberger
Trey Bartholomew
JONES WALKER LLP
445 North Boulevard, Suite 800
Baton Rouge, Louisiana  70802
(225) 248-2000
COUNSEL FOR THIRD-PARTY DEFENDANT/APPELLEE:
    Keystone RV Company

Matthew Ian Percy
Jamie I. Schutte
PERCY, SKIAS & SCHUTTE
712 North Burnside Avenue
Gonzales, Louisiana  70737
(225) 621-8522
COUNSEL FOR DEFENDANT/APPELLEE:
    Camping World RV Sales, LLC

**WILSON, Judge.**

The trial court granted a summary judgment in favor of Defendant/Appellee, Camping World RV Sales, LLC (Camping World), dismissing, with prejudice, the suit filed by Plaintiffs/Appellants, Anthony J. Gaspard (Mr. Gaspard) and his wife, Terri L. Gaspard (Mrs. Gaspard), relative to their purchase of an allegedly defective camper. For the reasons that follow, we affirm the trial court's grant of summary judgment and dismissal of Plaintiffs' claims against Camping World..

I.

**ISSUES**

We must determine whether there are genuine issues of material fact that preclude the trial court's granting of summary judgment in favor of Camping World. Specifically, the Gaspards allege that the trial court committed legal error in failing to find that: (1) Camping World is liable under the corporate successor doctrine; (2) Camping World is liable for its actions and/or omissions in its capacity as a depositary; and (3) Camping World is liable for its actions and/or omissions under La.Civ.Code art. 2315.

II.

**FACTS AND PROCEDURAL HISTORY**

The Gaspards purchased a new 2014 Keystone Fuzion camper, model 395, bearing Vehicle Identification Number 4YDF3953XEF811007 (the camper), from Southern RV, LLC, d/b/a Southern RV Supercenter (Southern RV), on or about November 14, 2013. The total purchase price was $81,921.50,[1] including optional

---

[1] This is total amount alleged in the Gaspard's petition. In their brief, the Gaspards allege that the total purchase price was $112,871.00 pursuant to a retail installment contract and security agreement with an annual percentage rate of 4.99%, a finance charge of $41,550.50, and a financed amount of $71,321.00. The total of these amounts is $112,871.50. The copy of the contract in the record is illegible; however, the record from another appeal in this matter, *Gaspard v. Camping*

equipment, taxes, licensing, title costs, and an extended service contract warrantying the camper for eighty-four months. They claim that the extended service contract added $3,340.00 to the purchase price.[2] The Gaspards also purchased a road hazard contract. According to Mr. Gaspard, Southern RV installed a washer, a dryer, and a receiver hitch.

The Gaspards claim that they had several serious problems during their first use of the camper on December 1, 2013, and scheduled a time for Southern RV to repair the issues.[3] They brought the camper to Southern RV on January 6, 2014.

The Gaspards picked up their camper on April 1, 2014, and claim that they were only able to use it three times over the next eight months before water damage in the master bedroom, mildewed cabinetry, stained and mildewed carpet and damages due to a faulty slide required return of the camper to Southern RV for more repairs. The Gaspards allege that they contacted Southern RV in November or December of 2014, and they were told that Southern RV could not service the camper until January 26, 2015.

Southern RV had the camper from January 26, 2015, to April 1, 2015. In their petition, the Gaspards allege that they were billed $632.39.

_____

*World RV Sales, LLC*, 20-125 (La. App. 3 Cir. 9/30/20), 304 So.3d 1050, which was made an exhibit to this appeal, is legible and indicates that finance charge of $41,550,50 and a financed amount of $71,321.50. The total purchase price indicated on the retail installment contract and security agreement is $112,872.00.

[2] As noted in *Gaspard*, 304 So.3d at 1054: "while Plaintiffs maintain that there is an extended service contract in existence, no such contract was attached or produced with the summary judgment evidence, nor do Plaintiffs specify any terms or conditions or the scope of any such agreement."

[3] The list of alleged problems included a leaking shower head, a leaking shower pan and glass surround, a defective bathroom wall, a hole in one of the bedroom walls, a faulty screen door, faulty deadbolt latch, a faulty electrical system, faulty plumbing, faulty retractable awnings, a faulty radio, a faulty dirt devil system, and a faulty heating system.

The Gaspards did not attempt to use the camper until October of 2015, and they allege that it had many defects and issues, including a water leak on the kitchen slide and multiple electrical problems, at that time. They allege that they immediately contacted Southern RV and were told that they could not bring the camper in for repairs until December 26, 2015. Mr. Gaspard brought the camper back to Southern RV on December 26, 2015, with multiple complaints including water damages and electrical issues.

In January 2016, Camping World and Southwest RV Centers, LLC (Southwest), entered into an Asset Purchase Agreement (the Agreement) with Southern RV, and other principals.

According to Mr. Gaspard, he was contacted by Camping World on April 25, 2016, and informed that Camping World had purchased Southern RV and that the repairs to the camper were completed. The Gaspards allege that when they arrived to pick up their camper, it still had many unfixed issues, as well as new problems, which required them to leave it at Camping World. The Gaspards allege that the water continued to infiltrate the camper, the washer and dryer were missing, the twelve-volt batteries were dead, and the circuit board for the camper was burnt.

Mr. Gaspard alleges that on July 12, 2016, a representative of Camping World emailed him the following breakdown of estimated repairs:

> Water leak for kitchen slide: 20 hours labor $2,580.00 to replace slide room floor[] and carpet, remove and install outside facia, inside facia, there is no charge for the materials for the floor and carpet (as per service manager) . . . Adding second battery (0.5 hours) $64.50 install second battery . . . (1.5 Hours) $193.50 to remove and replace awning light.

According to Mr. Gaspard's affidavit, on November 26, 2016, Camping World contacted the Gaspards to pick up the camper. Mr. Gaspard's affidavit states

that Camping World demanded payment of $3,326.52, and threatened to charge "rent" for storage of the camper.[4] The Gaspards disputed that any payment was due and contend that when they went to pick up the camper on February 16, 2017, it was in "deplorable condition." According to Mr. Gaspard, the batteries were dead, the awning lights were inoperable, the location of the missing washer and dryer was unknown, there was mold and mildew in the living room, and the carpet throughout the camper was moldy and mildewed. The Gaspards did not take possession of the camper at that time and instead filed a petition for recission of the sale and for damages on May 18, 2017. They named Southern RV and Camping World as defendants.

Southern RV filed an answer, affirmative defenses, and a third-party demand against Keystone RV Company (Keystone), as the manufacturer of the camper. Keystone filed an answer and affirmative defenses, denying that the camper had any defects as that term is defined under Louisiana law. Keystone then filed a motion to sever the third-party demand, and Southern RV filed a motion for partial summary judgment on its claim for indemnity and defense from Keystone. Southern RV and Keystone reached a stipulated agreement, and, on November 15, 2019, the trial court denied Southern RV's motion for partial summary judgment with a reservation of Southern RV's right to re-urge the motion, if necessary, after a judgment on the Gaspards' principal demand. Pursuant to the stipulation, the trial court stayed Southern RV's third-party demand against Keystone until after the Gaspards' principal demand against Southern RV was concluded by judgment.

---

[4] On May 23, 2022, Camping World sought leave of court to file a first amended, supplemental, and restated answer, affirmative defense, and reconventional demand to recover storage fees from the Gaspards. Camping World later withdrew this request.

4

Southern RV also filed a motion for summary judgment, which alleged that the Gaspards could not meet their burden of proof with respect to redhibition and bad-faith seller claims, that their negligence, redhibition, and Louisiana Unfair Trade Practices Act (LUTPA) claims were prescribed, and that their fitness for ordinary use claim was foreclosed by their allegations that the camper is defective. On December 3, 2019, the trial court signed a judgment that granted Southern RV's motion for summary judgment, and the Gaspards appealed. This court reversed the trial court's grant of summary judgment and found that:

> Southern RV presented no evidence in support of its motion for summary judgment that it notified the Gaspards of the fact that it sold its business to Camping World, that the camper was to be picked up, or that it provided notice that it was unable or unwilling to make the required repairs. There is no evidence that Camping World legally assumed any responsibility of Southern RV to repair the camper, or that they were acting on behalf of or authorized to act on behalf of Southern RV in tendering the camper back to the Plaintiffs on April 25, 2016. Strictly construing La.Civ.Code art. 2534, prescription as to Southern RV did not commence to run anew on April 25, 2016, and there is no summary judgment evidence that it commenced to run anew at any time thereafter prior to the time suit was filed on May 18, 2017. As such, there exists material issues of fact in dispute as to the notice and tender of the camper making summary judgment inappropriate on this record.

*Gaspard*, 304 So.3d at 1056.

The Gaspards took possession of the camper in April of 2022.

On May 20, 2022, Southern RV filed a second motion for summary judgment, alleging that the Gaspards could not establish: (1) that any defects with the camper existed at the time of sale, that Southern RV was aware of defects, that Southern RV committed any unfair trade practices; (2) that Southern RV was negligent in repairing the camper, that the Gaspards had any fitness for ordinary use claim; and (3) that Southern RV was a party to any service contract or agreement with the Gaspards. That motion came for hearing on June 27, 2022, and the trial court granted

5

the motion with respect to the LUTPA violations, bad faith redhibition, and breach of contract. The trial court denied the motion as it applied to the claims of good faith redhibition, breach of the warranty of fitness for ordinary use, and negligent repairs. Southern RV sought supervisory writs from this court, which denied the writ application. *Gaspard v. Camping World RV Sales, LLC*, 22-571 (La.App. 3 Cir. 01/06/23) (unpublished writ decision).

Also on May 20, 2022, the Gaspards sought leave of court to file a first supplemental and amended petition to add Keystone as a defendant. The motion was denied in open court on June 27, 2022, and the Gaspards sought supervisory writs from this court, which upheld the trial court's ruling and denied writs. *Gaspard v. Camping World RV Sales, LLC*, 22-488 (La.App. 3 Cir. 10/25/22) (unpublished writ decision).

On May 24, 2022, Camping World filed a motion for summary judgment, alleging that the Gaspards could not put forth any genuine issues of material fact to support the prima facia elements of causation necessary for their recovery of damages nor could they prove that Camping World assumed the liabilities and obligations of Southern RV. The motion came for hearing on June 27, 2022. On July 19, 2022, the trial court signed a judgment granting Camping World's motion for summary judgment and dismissing "any and all of Plaintiff's claims against Camping World RV Sales, LLC" with prejudice. This is the judgment which is now before the court for consideration.

## III.

## STANDARD OF REVIEW

"In reviewing the trial court's decision on a motion for summary judgment, we apply the de novo standard of review using the same criteria applied by the trial

6

court to determine whether summary judgment is appropriate." *Lagrange v. Boone*, 21-560, p 3 (La. App. 3 Cir. 4/6/22), 337 So.3d 921, 924, *writ denied*, 22-738 (La. 6/22/22), 339 So.3d 1185.

**IV.**

**<u>LAW AND DISCUSSION</u>**

Camping World argues that pursuant to La.Civ.Code art. 1822, it cannot be held liable for the Gaspards' claims because it did not assume any of the liabilities or obligations of Southern RV when it purchased certain assets of Southern RV. Louisiana Civil Code Article 1822 states, in pertinent part, that "[a] person who, by agreement with the obligor, assumes the obligation of the latter is bound only to the extent of his assumption." In support of its motion for summary judgment, Camping World submitted the affidavit of Mauricio Rodriguez (Mr. Rodriguez), its Vice President of Real Estate and Legal Counsel, and the Gaspards' petition for recission of sale and damages.

The Agreement between Camping World and Southern RV was attached to Mr. Rodriguez's affidavit.[5] Camping World asserts that Paragraph 1.5 of the Agreement makes clear that it did not agree to assume any liabilities of Southern RV:

> Except for Assumed Liabilities (as defined below) under the Assumed Contracts (as defined below), Buyer is not assuming and shall not be obligated or liable for any of the liabilities, obligation, contracts[,] or commitments of Seller. If Buyer incurs or becomes liable for any other expense, liability, obligation, contract[,] or commitment of Seller, which Buyer did not expressly assume under this Agreement, Buyer shall be entitled to indemnification from Seller.

---

[5] The Agreement is subject to a joint motion for protective order, in which the parties agreed that the Agreement is "confidential" and filed under seal. The portions quoted in this opinion are those that are quoted in Camping World's statement of undisputed facts in support of its motion for summary judgment and in the motion for summary judgment itself.

The Agreement also stated that: "There are no actions, suits, proceedings[,] or investigations . . . pending or . . . threatened against [Southern RV], the Business or the Dealership Locations at law, in equity or otherwise, in, before, or by any court or governmental agency or authority." The Agreement also stated that: "All covenants, representations, warranties[,] and indemnities made herein shall, except as otherwise set forth herein, survive the Closing for a period of eighteen months."

The Agreement, in Section 7.2 , also included an indemnification provision in which the Principals and Southern RV agreed to indemnify and hold harmless Camping World, on a several basis, from, against, and in respect of:

> (a)     Any and all losses, damages[,] or deficiencies resulting from any and all misrepresentations or breaches by [Southern RV] or Principals of any warranty, covenant, provision[,] or term contained in this Agreement;
>
> (b)     Any and all losses, damages[,] or deficiencies resulting from the assertion against [Camping World and Southwest] of any claim by any customer, creditor[,] or claimant relating to an obligation or liability of [Southern RV] or Principals with respect to the operation, ownership, use[,] or maintenance of the Assets prior to the Closing Date for any Asset; and
>
> C.     The reasonable costs and expenses incident to any and all actions, suits, proceedings, claims, demands, assessments[,] or judgments in respect of any matter for which [Camping World and Southwest] is indemnified under Section 7.2(a) or (b) above, including legal and accounting fees and expenses.

Camping World alleges that prior to the closing date of the asset purchase, Donald, a technician from Southern RV, performed various work on the Gaspards' camper. According to Camping World, the Gaspards left their camper at Camping World for over six years, refusing to take possession of it all of that time.

Louisiana Civil Code Article 2520 provides, in pertinent part, that "[t]he seller warrants the buyer against redhibitory defects, or vices, in the thing sold." Camping World is neither the manufacturer nor the seller of the camper and cannot be liable

to the Gaspards for any redhibitory defects for damages which allegedly existed in the camper. Southern RV still owned and operated the dealership the last time that the Gaspards brought the camper in for repairs before the instant suit was filed.

Louisiana Code of Civil Procedure Article 966(D)(1) provides that the mover bears the burden of proof on a motion for summary judgment. If the mover does not have the burden of proof on the issue that is the subject of the motion for summary judgment, the mover's burden "does not require him to negate all essential elements of the adverse party's claim[.]" *Id*. The mover is required "to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim[.]" *Id*. Then, the burden shifts to "the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact the mover is not entitled to judgment as a matter of law." *Id*. For the following reasons, we find that Camping World properly supported its motion for summary judgment by showing a lack of factual support for the Gaspards' claims against it. When the burden shifted, the Gaspards did not establish the existence of a genuine issue of material fact.

In opposition to Camping World's motion for summary judgment, the Gaspards introduced the November 4, 2019 affidavit of Mr. Gaspard, which is the same one that was attached to the opposition to Southern RV's motion for summary judgment on the issue of prescription that was before this court in *Gaspard*, 304 So.3d 1050. It does not address the issues presented in Camping World's motion.

In their brief to this court, the Gaspards argue that there is a genuine issue of material fact as to whether Camping World assumed the obligations of Southern RV following the sale of Southern RV to Camping World in 2016 under the corporate successor doctrine.

9

> [T]he general rule of corporate liability is that, when a corporation sells all of its assets to another, the latter is not responsible for the seller's debts or liabilities, except where (1) the purchaser expressly or impliedly agrees to assume the obligations; (2) the purchaser is merely a continuation of the selling corporation; or (3) the transaction is entered into [sic] escape liability.

*J.D. Fields & Co., Inc. v. Nottingham Const. Co., LLC*, 15-723, p. 4 (La.App. 1 Cir. 11/9/15), 184 So.3d 99, 100, *quoting Golden State Bottling Co., v. Nat'l Labor Rels. Bd.*, 414 U.S. 168, 182 n. 5, 94 S.Ct. 414, 424 (1973).

Further, as this court previously recognized: "There is no evidence that Camping World legally assumed any responsibility of Southern RV to repair the camper, or that they were acting on behalf of or authorized to act on behalf of Southern RV in tendering the camper back to the Plaintiffs on April 25, 2016." *Gaspard*, 304 So.3d at 1056. Since the Gaspards have presented no additional evidence since this court considered Southern RV's prior motion, the record in this regard is unchanged.

Despite the Gaspards' claims that there are genuine issues of material fact as to whether "substantially all" of Southern RV's assets were transferred to Camping World and that it is "entirely possible" that Camping World impliedly assumed liability, the Gaspards failed to introduce any evidence to support these claims. To the contrary, the Agreement establishes that Camping World did not purchase all of the assets of Southern RV since Section 1.1 references that "the Buyer will acquire **certain** of the assets relating to the recreational vehicle dealership operations[.]" (Emphasis added.) Section 1.2 goes on to list those business assets that are being purchased and those assets that are not included.

The Gaspards further contend that the camper remained on Camping World's property for an extended period of time and was "essentially allowed to rot where it stood." The Gaspards rely on La.Civ.Code art. 2930,[6] which provides:

> When the deposit is onerous, the depositary is bound to fulfill his obligations with diligence and prudence.
>
> When the deposit is gratuitous, the depositary is bound to fulfill his obligations with the same diligence and prudence in caring for the thing deposited that he uses for his own property.
>
> Whether the deposit is gratuitous or onerous, the depositary is liable for the loss that the depositor sustains as a result of the depositary's failure to perform such obligations.

As Camping World points out, however, the Gaspards cannot establish that Camping World caused damage to the camper. The Gaspards have not produced any evidence of Camping World's failure to exercise due care or that Camping World made negligent repairs to the camper. The Gaspards cite La.Civ.Code art. 2315(A): "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." But the Gaspards come forward with no evidence of Camping World's fault. Mr. Gaspard's affidavit, which was executed in 2019, cannot speak to the condition of the camper in 2022. Mr. Gaspard's affidavit does not address the manner in which Camping World stored the camper. The Gaspards simply submitted no evidence that the camper was damaged while in the possession of Camping World.

The affidavit of Mr. Gaspard, for the most part, merely restates the conclusory allegations found in Plaintiffs' petition. "[A]ffidavits with conclusory allegations of fact[,] which are devoid of specific facts[,] are not sufficient to defeat summary

_____

[6] In their brief, the Gaspards cite La.Code Civ.P. art. 2937; however, we note that there is no such article. The language quoted in their brief is from La.Civ.Code art. 2930.

11

judgment." *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 09-1633, p. 16 (La. 4/23/10), 35 So.3d 1053, 1062. "In opposing a motion for summary judgment, a plaintiff may not satisfy his burden of showing he will be able to satisfy his evidentiary burden at trial by resting on mere allegations or by filing self-serving conclusory affidavits which merely restate those allegations." *Sicard v. Sicard*, 11-423, p. 8 (La.App. 5 Cir. 12/28/11), 82 So.3d 565, 568-569. The Gaspards have failed to produce any factual support sufficient to show that they would be able to carry their evidentiary burden of proving that Camping World is liable under the corporate successor doctrine, that Camping World breached any duty it may have had as a depositary, or that Camping World was negligent in any way. Furthermore, as noted above, this affidavit was signed some three years before this motion for summary judgment was filed by Camping World and does not address the issues raised in Camping World's motion.

## V.

## <u>CONCLUSION</u>

Pursuant to La.Code Civ.P. art. 966(A)(3), "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." For the reasons detailed herein, Plaintiffs, Anthony J. Gaspard and his wife, Terri L. Gaspard, failed to present any factual support sufficient to establish the existence of any genuine issues of material fact in this case. We affirm the grant of summary judgment in favor of Defendant/Appellee, Camping World RV Sales, LLC, dismissing, with prejudice, the suit filed by Plaintiffs/Appellants, relative to their purchase of the 2014 Keystone Fuzion camper, model 395, bearing Vehicle Identification Number 4YDF3953XEF811007.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.